**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SENTINEL INSURANCE COMPANY, LTD.,** | Case No.  4:25-cv-06351-YGR |
| Plaintiff, | |
| v. | **ORDER ON MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER** |
| **SCOTT BURSOR ET AL.,** | Dkt. Nos. 17, 18, 31, 34, 45 |
| Defendants. | |

Defendants Scott Bursor and his law firm Bursor & Fisher, P.A. ("Bursor") move to dismiss this action on multiple grounds. (Motion to Dismiss, ("Mot."), Dkt. No. 17.) Plaintiff Sentinel Insurance Company ("Hartford") seeks to recoup the legal and settlement fees that it paid Bursor & Fisher to resolve litigation alleging that named partner, Scott Bursor, physically and sexually abused the plaintiff in that action. (*Parker v. Scott Bursor, et al.*, No. 1:24-cv-00245 (S.D.N.Y.)("*Parker* Action"), Dkt. No. 345.) Hartford maintains that it was not required to cover legal fees related to defendants' intentional misconduct under the parties' insurance policy, while Bursor disagrees and raises that Hartford improperly filed suit in the Northern District of California. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** defendants' motion as to transfer.[1]

I.    **BACKGROUND**

Hartford and defendants Scott Bursor and Bursor & Fisher, P.A. dispute the extent of coverage that Hartford must provide to defendants related to a lawsuit against them involving allegations of sexual and physical assault.

---

[1] Under Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

United States District Court
Northern District of California

### A.    The Underlying Litigation

On November 24, 2023, a plaintiff filed a lawsuit in New York against Scott Bursor and Bursor & Fisher, claiming that she suffered "emotional, physical, and sexual abuse . . . at the hands of defendants beginning in or around July 2020." (*Parker* Action, Dkt. No. 1-1.) Plaintiff in that action advanced claims under New York City's Victims of Gender Motivated Violence Protection Act, and for battery and the intentional infliction of emotional distress. (*Id.*, Dkt. No. 1-2.)

Once served, defendants notified Hartford of the litigation. (Complaint, ("Compl."), Dkt. No. 1 ¶ 16.) Hartford agreed to provide a defense to the law firm Bursor & Fisher under a reservation of rights (*id.* ¶¶ 38–40) but, according to defendants, did not agree to provide a defense to Scott Bursor. (Mot. at 5.) Hartford claims that defendants comingled their defense such that Hartford in effect paid for Scott Bursor's defense too. The case ultimately settled in July 2025 for a large sum which Harford paid "pursuant to its reservation of rights." (Compl. ¶ 48.)

### B.    This Action

Hartford filed suit in the Northern District of California on July 29, 2025 to recover those fees subject to its reservation of rights. (*Id.*) Hartford alleges that venue is proper in this district because "a substantial part of the events or omissions giving rise to the claim occurred in California and specifically in this judicial district (i.e., as relates to the Hartford Policies) . . . ." (*Id.* ¶ 27.)  To tie the case to the district, Hartford alleges that the matter before this Court arises from six insurance policies that Hartford issued to Bursor & Fisher through a California-based insurance broker, Diablo Valley Insurance Agency. (*Id.* ¶¶ 14–18.) Hartford further alleges that after the underlying action settled, defendants directed it to pay the settlement amount to an escrow agent based in California. (*Id.* ¶ 23.)

## II.    LEGAL STANDARD

A defendant may move to dismiss a complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3). The court is permitted to consider facts beyond the pleadings in this posture. *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). Once a defendant challenges venue, the plaintiff bears the burden of proving that venue is proper.

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). To satisfy that requirement, plaintiff must show that a civil action was brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If the court finds that venue is improper, it must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III.    DISCUSSION

The Court finds that Hartford fails to establish that venue is proper in the Northern District of California. For the reasons set forth below, the Court **TRANSFERS** the action to the Southern District of New York.

### A.    Venue

#### 1.    28 U.S.C. § 1391(b)(1)

Under 28 U.S.C. § 1391(b)(1), venue is proper if the suit was brought in a judicial district where all defendants reside. Although Bursor & Fisher maintains an office in Walnut Creek, California, defendant Scott Bursor resides in Florida. (Compl. ¶¶ 3, 4, 10.) Venue therefore is not proper under section 1391(b)(1).

#### 2.    28 U.S.C. § 1391(b)(2)

To establish venue under 28 U.S.C. § 1391(b)(2), plaintiff must show that a "substantial part" of the events giving rise to Harford's claim occurred in the district. Hartford argues that a substantial portion of the events of *this* litigation occurred in the district because the six insurance policies Hartford issued to Bursor & Fisher were solicited, negotiated, and issued in the district, and Bursor & Fisher maintains an office in Walnut Creek, California. (Compl. ¶¶ 14–18.) Hartford claims that this litigation revolves around the terms of its policy with Bursor & Fisher. In an

United States District Court
Northern District of California

insurance coverage action, however, "a court looks to the underlying events for which coverage is sought" to determine venue. *Charter Oak Fire Ins. Co. v. Rimini St., Inc.*, 2015 WL 4914476, at *2 (N.D. Cal. Aug. 17, 2015) (citing *Columbia Casualty Co. v. SMI Liquidating*, 2010 WL 3037242, at *3 (N.D. Cal. July 30, 2010) (quoting *Carolina Casualty Co. v. Data Broadcasting Corp.*, 158 F.Supp.2d 1044, 1047 (N.D. Cal.2001))). The underlying events in this action involve Scott Bursor's alleged sexual misconduct that occurred over several years in New York, where the plaintiff in the *Parker* Action lived. (Compl. ¶ 35.) The case was litigated for several years in the Southern District of New York. *That* litigation overwhelming involved New York and is the basis for which Scott Bursor and his law firm sought coverage from Hartford. Because the underlying lawsuit involved conduct that happened in New York and was litigated in the Southern District of New York, a substantial portion of the relevant events happened in New York—not this district. The Court therefore finds that venue is improper in this district under section 1391(b)(2).

### 3.  28 U.S.C. § 1391(b)(3)

Under 28 U.S.C. § 1391(b)(3), venue is proper if any defendant is subject to personal jurisdiction in the district and the action could not have been brought in another district. Although at least one defendant, Bursor & Fisher, is subject to personal jurisdiction in California, the action may be brought in another district—the Southern District of New York. The Court concludes that under this provision too venue in this district is improper.

### B.  Dismissal versus Transfer

Under Rule 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A court should examine a plaintiff's claim to determine whether the interest of justice requires transfer instead of dismissal. *See, e.g.*, *King v. Russell,* 963 F.2d 1301, 1304–05 (9th Cir. 1992). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001) (citations and internal quotation marks omitted).

United States District Court
Northern District of California

4

United States District Court
Northern District of California

The Court finds that the interests of justice dictate that this case be transferred rather than dismissed. Defendants provide no reason as to why the case should be dismissed, and the Court finds that the interests of justice favor quickly resolving this case. Defendants further concede that they would be subject to personal and subject matter jurisdiction in the Southern District of New York. Accordingly, and in line with standard practice, the Court will transfer the case to the Southern District of New York.

## IV.    MOTION TO SEAL

The parties next hotly contest several of defendants' requests to seal certain documents disclosing the allegations against Scott Bursor and his law firm in the underlying litigation.[2] Defendants raise five arguments, almost all of which the Court believes are meritless. That said, because this case will not be litigated here, the Court will defer to the Southern District of New York to make the final determination.

*First*, defendants argue that the documents reveal allegations from the underlying litigation that remain sealed and are not accessible to the public. Not so. The underlying allegations have been disclosed, including in documents that *defendants* filed on the public docket in support of their removal petition. (*Parker* Action, Dkt No. 1-1 )(describing the nature of this action as "assault/sexual assault, battery/sexual battery, intentional infliction of emotional distress, negligent infliction of emotional distress, abuse of process, violation of Adult Survivors Act, and violation of Victims of Gender Motivated Violence Act" and claiming that "***plaintiff brings this action for the emotional, physical and sexual abuse that she suffered at the hands of [Scott Bursor] beginning in or around July 2020***") (emphasis supplied.)

*Second*, defendants' argument that the underlying case and allegations remain sealed is belied by the procedural history of that case. Judge Clarke previously denied defendants' request to seal. (*Parker* Action, Dkt. No. 345.) Defendants then appealed that order in an effort that Judge Clarke found was "questionable at best." (*Id.* at 351, 352.) Although the Second Circuit initially

---

[2] The material defendants seek seal includes Dkt. Nos. 18-1, 18-5, 18-7, 18-9, 18-11, 18-15, and 18-17.

granted a stay, it ultimately denied Bursor's request to stay the case and terminated its temporary stay, which in effect required the parties to unseal the documents. (*Id.* at 425.) Bursor and his firm settled the case rather than comply. (*Id.* at 439.) That defendants now attempt to argue that the underlying action involves material that should be sealed ignores Judge Clarke's order, and thus, does not persuade.

*Third*, defendants argue that a Confidentiality Agreement prevents Hartford from challenging Bursor and his law firm's confidentiality designations. The Court agrees with Hartford that the policy allows Hartford to disclose Confidential Information when a court order—like Judge Clarke's prior order—provides otherwise. (Dkt. No. 36-1, Agreement ¶ 6.)

*Fourth*, defendants argue that Hartford demanded that Bursor & Fisher settle the underlying lawsuit, and that unsealing "the unproven allegations would harm defendants" through subjecting them to public scandal. The documents defendants submitted to the Court, however, prove the opposite. They show that *Bursor & Fisher* pushed to settle the case and requested more settlement authority than Hartford would authorize. (Dkt. No. 18-19, Ex. 9.) Although the allegations may harm defendants' reputation, that alone is not sufficient to seal documents from the public. *Parker v. Bursor*, No. 24-cv-245, 2025 WL 2161225, at *1 (S.D.N.Y. Apr. 9, 2025) ("Although Defendants may certainly suffer reputational injury from the unsealing of the documents, that injury does not outweigh the interests of the public in their First Amendment right of access to judicial documents.")

*Finally*, defendants argue that unsealing the documents would "unravel" the settlement in the underlying litigation. Defendants do not provide the Court with the settlement agreement. The Court thus declines to address this issue and will defer to the Southern District of New York.

## V.    CONCLUSION

The Court finds that venue is not proper in the Northern District of California. The interests of justice, however, favor that the case be transferred rather than dismissed. Accordingly, the Court **TRANSFERS** the case to the Southern District of New York. Because the Court lacks jurisdiction, the Court will not rule on the balance of defendants' arguments as to personal jurisdiction and whether plaintiff failed to state a claim.

United States District Court
Northern District of California

6

The Clerk of the Court shall transfer the case file to the Southern District of New York and thereafter close the action.

This order terminates Dkt. Nos. 17, 18, 31, 34, and 45.

**IT IS SO ORDERED.**

Dated: November 24, 2025

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California

7