USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___2/5/2026___

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut corporation, | Case No. 1:25-cv-10000-AT-VF |
| Plaintiff, | **ORDER TO STAY ALL PROCEEDINGS PENDING MEDIATION** |
| v. | |
| BURSOR & FISHER, P.A. and SCOTT BURSOR, | Hon. Analisa Torres |
| Defendants. | |

**WHEREAS**, on August 29, 2025, Plaintiff Sentinel Insurance Company, Limited ("Plaintiff") filed this action in the Northern District of California;

**WHEREAS**, Defendants Bursor & Fisher, P.A. and Scott Bursor (collectively, "Defendants") sought to dismiss or, in the alternative, transfer this action to this Court based on improper venue;

**WHEREAS**, on November 24, 2025, the Northern District of California granted that part of Defendants' motion seeking to transfer this action to this Court;

**WHEREAS**, on December 2, 2025, this case was transferred to this Court;

**WHEREAS**, the parties seek to stay this action for a period of ninety (90) days while they pursue mediation in good faith in order to conserve the resources of the parties, third-parties, and the Court;

**WHEREAS**, this Court has "the power to stay proceedings incidental to the power inherent in every court to control the disposition of causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936);

**WHEREAS**, this case is in its early stages as the parties are currently in the pleading stages and discovery has not yet begun and the Southern District has recognized the benefits of the parties engaging in settlement discussions at an early stage of the litigation, *see e.g.*, *Oliver v. City of New York*,, 540 F. Supp.3d 434, 437 (S.D.N.Y. 2021) ("settlement conferences at a relatively early stage are useful and often more likely to lead to settlement than if the parties wait until a later stage of the litigation");

**WHEREAS**, a stay of this case will avoid the need for both parties to spend time and resources on additional pre-discovery dispositive motion practice and discovery efforts that may become unnecessary if mediation resolves the parties' claims;

**WHEREAS**, a stay will avoid the need to expend time, money, and other resources on impleading third-parties and time, money, and resources of potential third-parties because that may become unnecessary if mediation resolves the parties' claims;

**WHEREAS**, a stay of this action may conserve judicial resources by allowing the Court to avoid expending resources on resolving disputes which may become moot if mediation resolves the parties' claims;

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties, and subject to the approval of the Court, that:

1. Both parties shall engage in mediation before a private-mediator;

2. This action shall be stayed for a period of ninety (90) days from the date of this Order;

3. The parties shall update the Court regarding the status of their mediation efforts no later than April 30, 2026.

SO ORDERED.

Dated: January 5, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge