

**Kenneth H. Frenchman**

| 212-584-1820 | 1325 Avenue of the Americas | 212-584-1890 P |
| kfrenchman@cohenziffer.com | New York, NY 10019 | 212-584-1891 F |

June 16, 2026

<u>**VIA ECF**</u>

The Honorable Analisa Torres, U.S. District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> RE:    ***Sentinel Ins. Co., Ltd. v. Bursor & Fisher, P.A., et al.***, **Case No. 1:25-cv-10000-AT-VF (S.D.N.Y.)**

Dear Judge Torres:

We represent Defendants Bursor & Fisher, PA ("B&F") and Scott Bursor ("Mr. Bursor") (collectively, the "Insureds") in the above-captioned action brought by Plaintiff Sentinel Insurance Company Limited ("Hartford"). We write pursuant to § III.A.ii of Your Honor's Individual Practices in Civil Cases to set forth the basis for the Insureds' anticipated motion to dismiss Hartford's Amended Complaint ("Am. Compl.") (ECF No. 55) for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

This action arises from Hartford's wrongful attempt to recoup defense and indemnity payments from its Insureds in connection with an underlying lawsuit, which has been fully resolved. The Insureds sought coverage under insurance policies issued by Hartford to B&F consecutively from 2018 through 2024 (the "Policies"). Hartford acknowledged its defense obligation to B&F while reserving its rights but denied coverage entirely as to Mr. Bursor. Hartford proceeded to pay B&F's defense and settlement costs, but now seeks to recoup those amounts from both Insureds pursuant to a unilateral reservation of right. However, under New York or Florida law[1]—and pursuant to the plain language of the Policies—Hartford cannot recoup any amounts from the Insureds. As to Hartford's subrogation claims against Mr. Bursor, these claims likewise fail as a matter of law because B&F did not face any vicarious liability in the underlying action, Hartford relies entirely on unproven allegations from the underlying action, and B&F's Articles of Incorporation release Mr. Bursor from any liability for such claims.

---

[1] Because Hartford's prior complaint was transferred to this District based on improper venue, this Court will apply New York's choice of law rules, *Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010), such that New York or Florida law will apply. *See, e.g.*, *Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*, 36 A.D.3d 17, 24 (1st Dep't 2006). New York's choice of law analysis will lead to application of either New York or Florida law—under either state's law, the result is the same and Hartford's Am. Compl. must be dismissed.

June 16, 2026
Page 2

I.      **Under New York or Florida Law, Each of Hartford's Causes of Action Fails**

   A.  **Counts I, II, and V**: Unjust Enrichment, Specific Performance, and Declaratory Judgment

Hartford's claims seeking to recoup defense and indemnity costs must be dismissed because (1) the Policies do not provide Hartford any right to recoup; (2) the Insureds rejected Hartford's purported right to recoup; (3) the Policies explicitly prohibit Hartford from recovering any amounts from B&F; and (4) the voluntary payment doctrine precludes any recovery from either Insured.

Under New York law, Hartford cannot recoup defense and settlement costs because the Policies do not provide any such right. *See, e.g.*, *Am. W. Home Ins. Co. v. Gjonaj Realty & Mgmt. Co.*, 192 A.D.3d 28, 36 (2d Dep't 2020) (insurer "may not recover its defense costs based on [a] letter wherein it reserved its rights to recoup its defense costs in the underlying litigation absent an express provision to that effect in the policy"). Even if Hartford could seek recoupment in certain circumstances, under either New York or Florida law, Hartford cannot sustain a viable claim here because B&F expressly rejected any right to recoup (ECF Nos. 18-12, 18-22) and Hartford paid anyway. *See, e.g.*, *Century Sur. Co. v. Franchise Contractors, LLC*, 2016 WL 1030134, at *5 (S.D.N.Y. Mar. 10, 2016) (insured "must not object to the reservation" for insurer to recoup defense costs); *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 2007 WL 9701677, at *2 (S.D. Fla. Apr. 5, 2007) (insured must "agree[] that the insurer may receive attorneys' fees and costs if the insurer prevails"). Hartford's conclusory allegations that the parties formed a new "express contract, separate from any insurance policy, that Hartford would be entitled to seek reimbursement" (Am. Compl. at ¶¶ 40-46) are directly contradicted by the documents referenced and incorporated into the complaint (*e.g.*, ECF Nos. 18-12, 18-22) and should thus be disregarded. *See Endemann v. Liberty Ins. Corp.*, 390 F. Supp. 3d 362, 370 (N.D.N.Y. 2019) ("When documents attached to the complaint as exhibits or incorporated by reference in the complaint contain statements that contradict the allegations in the complaint, the documents control and the Court need not accept the allegations as true.").

In any event, the Policies explicitly prohibit Hartford from recovering any amounts paid on behalf of B&F (and Hartford did not pay any amounts on behalf of Mr. Bursor).[2] Under any state's laws, the basic principles guiding courts interpreting insurance contracts are the same: the

---

[2] Hartford's admission that it did not defend Mr. Bursor is fatal to its claims against Mr. Bursor. To sustain an unjust enrichment claim, "a plaintiff must demonstrate that services were performed *for the defendant* resulting in its unjust enrichment. It is not enough that the defendant received a benefit from the activities of the plaintiff; if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery." *Kagan v. K-Tel Ent., Inc.*, 172 A.D.2d 375, 376 (1st Dep't 1991) (citations omitted). Hartford has conclusively admitted that it did not perform any services *for Mr. Bursor*—indeed, Hartford "denied coverage to, and *did not defend*, Defendant Scott Bursor." Am. Compl. ¶ 57 (emphasis added). That Hartford's payment of B&F's defense and settlement costs provided an incidental benefit to Mr. Bursor is insufficient to sustain an unjust enrichment claim. *See Clark v. Daby*, 300 A.D.2d 732, 733 (3d Dep't 2002) (dismissing unjust enrichment claim because "any benefit to defendant was purely incidental").

June 16, 2026
Page 3

plain language of the contract governs. *See, e.g.*, *Belt Painting Corp. v. TIG Ins. Co.*, 100 N.Y.2d 377, 383 (2003). Accordingly, "an insurer's entitlement to recoup its defense costs from its insured must not contravene the terms of the policy." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Turner Const. Co.*, 119 A.D.3d 103, 109 (1st Dep't 2014). Here, the plain language of Form SS 12 15 03 00 explicitly and unambiguously forecloses "any right of recovery [Hartford] may have against" B&F, which includes Hartford's purported right to recover defense and settlement amounts paid on behalf of B&F. Hartford's reliance on the "Waiver of Subrogation" caption is insufficient to restrict the scope of the unambiguous language in this provision because a caption "cannot be used to create ambiguity where none exists" but "is looked to only when there is ambiguity in the provision itself." *Mt. Hawley Ins. Co. v. Aquasol Condo. Ass'n, Inc.*, 2019 WL 3387054, at *3 (S.D. Fla. July 26, 2019); *accord Weaver v. Axis Surplus Ins. Co.*, 2014 WL 5500667, at *14 (E.D.N.Y. Oct. 30, 2014) ("the absence of a fully descriptive heading does not restrict the plain meaning of the provision") (citation omitted).

Finally, Hartford's claims are barred by the voluntary payment doctrine because Hartford was, at all times from inception through settlement, aware of the relevant facts regarding its purported coverage defenses but paid anyway. *See, e.g.*, *Nat'l Un. Fire Ins. Co. v. Ranger Ins. Co.*, 190 A.D.2d 395 (4th Dep't 1993) (like Hartford here, "National has consistently taken the position that it was not obligated under its policy, and that it is entitled to recover from Ranger the entire amount paid by it, thereby establishing that it is a volunteer"); *Royal Surplus Lines Ins. Co. v. Coachmen Indus., Inc.*, 2002 WL 32894915, at *13 (M.D. Fla. Sept. 17, 2002).

In short, no contract was formed regarding Hartford's purported right to reimbursement because the Insureds rejected any such right on several occasions before Hartford paid any amounts and consistently maintained that Hartford was obligated to cover the Insureds' defense and settlement costs in full. *See, e.g.*, *Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329, 337 (S.D.N.Y. 2006) ("The fundamental basis of a valid, enforceable contract is a meeting of the minds of the parties, and, if there is no meeting of the minds on all essential terms, there is no contract.").

As such, Hartford's Unjust Enrichment, Specific Performance and Contractual Reimbursement, and Declaratory Judgment causes of action must be dismissed.

B. **Counts III, IV, and VII**: Contribution and Indemnity, Breach of Fiduciary Duty Claim, and Alternative Breach of Contract Claim

Hartford's contribution and indemnity claim on behalf of B&F against Mr. Bursor fails because, like each of the cases cited by Hartford (Am. Compl. at ¶ 104), such a claim would require that B&F have been *held vicariously liable* for Mr. Bursor's actions. *See Trs. of Columbia Univ. in City of N.Y. v. Mitchell/Giurgola Assocs.*, 109 A.D.2d 449, 453 (1st Dep't 1985) ("the predicate of common law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee"). Here, B&F has not been held liable for anything, either for its own or Mr. Bursor's actions, and the underlying complaint alleged no theories of vicarious liability against B&F. As Hartford has acknowledged, the sole claim against B&F was for "negligent retention and supervision"—which is a direct claim against B&F that did not seek to impose vicarious liability on B&F. *See Waterbury v. New York City Ballet, Inc.*, 205 A.D.3d 154, 162 (1st Dep't 2022).

June 16, 2026
Page 4

With respect to Hartford's breach of fiduciary duty claim on behalf of B&F against Mr. Bursor, Hartford's reliance on unproven allegations from the underlying action is patently insufficient to sustain its claim. Hartford does not allege that Mr. Bursor breached any fiduciary duty to B&F—instead, Hartford merely alleges that Mr. Bursor "was *alleged* to have taken actions that were in breach of his fiduciary duty" in the underlying action. Am. Compl. at ¶ 116 (emphasis added). Hartford's allegations thus "fail to provide sufficient support for [Hartford's breach of fiduciary duty] claim because recitations of unproven allegations made in other complaints do not, on their own, constitute factual allegations sufficient to survive a motion to dismiss." *Zhou v. NextCure, Inc.*, 2023 WL 4493541, at *11 (S.D.N.Y. July 12, 2023).

Hartford's subrogation claims must be dismissed for another reason: each claim is based on Mr. Bursor's alleged breaches of duties owed to B&F, but B&F's Articles of Incorporation expressly waive any claims by B&F against any director/officer (such as Mr. Bursor) for breach of any duty.[3] Hartford's subrogation claims are thus barred as a matter of law. Accordingly, because B&F has done nothing to impair Hartford's rights and, in any event, there are no rights to impair, the alternative breach of contract cause of action also fails.

C. **Count VI**: Accounting

An accounting claim requires "(1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an account and a refusal." *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp.2d 395, 411 (S.D.N.Y. 2009) (dismissing accounting claim because the relationship between plaintiff and defendant "was merely contractual, not fiduciary in nature"); *Stadt v. Fox News Network, LLC*, 719 F. Supp.2d 312, 323 (S.D.N.Y. 2010); *Cushman v. Schubert*, 110 So.2d 703, 705 (Fla. Dist. Ct. App. 1959) (accounting claim can only go forward in equity "where a confidential or fiduciary relationship is show to exist"). No such fiduciary or other special relationship exists and, so, this cause of action fails.

For the above reasons, the Insureds intend to move to dismiss Hartford's Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Sincerely,

Kenneth H. Frenchman

---

[3] The Court may take judicial notice of B&F's Articles of Incorporation. *See GemShares, LLC v. Kinney*, 2017 WL 2559232, at *17 (S.D.N.Y. June 2, 2017) ("In considering a motion to dismiss, a court may take judicial notice of matters of public record, including documents filed with public bodies, such as articles of incorporation.") (citation omitted).