

**Kenneth H. Frenchman**

212-584-1820                        1325 Avenue of the Americas                        212-584-1890 P
kfrenchman@cohenziffer.com          New York, NY 10019                                 212-584-1891 F

July 27, 2026

**VIA EFILE**

The Hon. Analisa Torres, U.S.D.J.
Southern District of New York
500 Pearl Street
New York, New York 10007

> RE:    ***Sentinel Ins. Co. Ltd. v. Bursor & Fisher, P.A., et al**, 1:25-cv-10000-AT-VF
> (S.D.N.Y.)*

Dear Judge Torres:

We represent Defendants Bursor & Fisher, P.A. and Scott Bursor (collectively, "Defendants") in the above-referenced action.  We write in accordance with Your Honor's Individual Practice Rule § IV(A) to respectfully submit this letter motion requesting that certain information contained in exhibits attached to the Declaration of Kenneth Frenchman ("Frenchman Declaration," ECF No. 68) in support of Defendants' Motion to Dismiss the Amended Complaint (ECF No. 66) be maintained as filed in its redacted or sealed state.

Specifically, the sealed information includes (1) settlement authority provided by Plaintiff in the underlying action, (2) communications between Plaintiff and Defendants' counsel discussing terms of the draft settlement agreement and negotiations thereof in the underlying action, and (3) insurance premium information.[1]  For the reasons stated below, Defendants respectfully submit that the sealed information is properly withheld from public access.

## I.    Confidentiality of Settlement Authority, Draft Settlement Terms and Negotiations Thereof Outweighs the Public's Presumption of Access

Exhibits 5, 6, 8, 10, 11, and 12[2] to the Frenchman Declaration have been redacted solely as to the amounts of settlement authority provided by Plaintiff in the underlying action or settlement

---

[1] Exhibit 7 to the Frenchman Declaration has been redacted for financial account information.  As such, pursuant to F.R.C.P. 5.2 and Your Honor's Individual Practices in Civil Cases, § IV(A)(i), this information is properly redacted without the need for Court approval.

[2] ECF Nos. 68-5, 68-6, 68-8, 68-10, 68-11, and 68-12, respectively.

---

July 27, 2026
Page 2

demands made by the underlying plaintiff.  Exhibit 13[3] has been filed entirely under seal because the entirety of the communication concerns negotiations of terms and discussions thereof of the draft settlement agreement in the underlying action. While the public maintains a presumption of access to judicial documents, "'the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent.'" *Liu v. Nielsen Co. (US) LLC*, 2023 WL 3750116, *2 (S.D.N.Y. June 1, 2023) (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998)). In accordance with *Lugosch v. Pyramid Co. of Onondaga*, the redactions to Exhibits 5, 6, 8, 10, 11, and 12 are "narrowly tailored[,]" redacting only the amount of settlement authority and/or settlement offers exchanged.  435 F.3d 110, 119-20, 124 (2d Cir. 2006).  And, the redacted information is not relevant for purposes of adjudicating Defendants' Motion to Dismiss.  *Id.* at 120.

Additionally, this Court has previously granted the Parties' request to maintain settlement authority under seal.  *See* (ECF No. 50).

As to Exhibit 13, filed completely under seal, the entirety of the communication between Hartford's claim handler and Defendants' defense counsel substantively discusses the terms of a draft settlement agreement in the underlying action, including negotiations between Hartford and Defendants about proposed changes to those terms. As such, Defendants respectfully submit that filing under complete seal is the only way to achieve the higher aim of preserving the confidentiality of settlement negotiations.  *Liu*, 2023 WL 3750116, at *2; *Glens Falls*, 160 F.3d at 857-58 (upholding sealing of settlement materials).

For the foregoing reasons, Defendants respectfully request that the Court maintain the confidential nature of the redacted information in Exhibits 5, 6, 8, 10, 11, and 12, and maintain Exhibit 13 under seal entirely.

## II.      Insurance Premium Information

Exhibit 14[4] redacts only the amount of premium, and state fees and surcharges paid by Bursor & Fisher, P.A. for the insurance policy issued by Hartford for the 2021-2022 policy period. The amount of premiums paid "do not serve the basis for a substantive determination" and so, the presumption of access "is appreciably weaker." *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 159 (S.D.N.Y. 2003).  Additionally, this Court's prior order also granted the Parties' request to redact the amount of insurance premiums paid for the same document.  (ECF No. 50 at 3).  As such, Defendants respectfully request that the Court maintain the confidential nature of the redacted information in Exhibit 14.

## CONCLUSION

Based on the foregoing, because the presumption to public access is outweighed by the need to protect settlement materials and otherwise confidential information, and because the Court has previously ordered that the same or similar information is properly redacted and/or sealed,

---

[3] ECF No. 68-13.

[4] ECF No. 68-14.

July 27, 2026
Page 3

Defendants' respectfully request the Court approve the redactions to Exhibits 5, 6, 8, 10, 11, and 12 as narrowly tailored to protect Plaintiff's and Defendants' privacy interests, approve sealing of Exhibit 13 to protect Plaintiff's and Defendants' privacy interests, and approve redaction to Exhibit 14 as narrowly tailored to protect Defendant Bursor & Fisher, P.A.' confidential information.

Sincerely,

Kenneth H. Frenchman

cc:     All Counsel of Record via ECF