**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut corporation,<br><br>                                Plaintiff,<br><br>    v.<br><br>BURSOR & FISHER, P.A., and SCOTT BURSOR,<br><br>                                Defendants. | Case No. 1:25-cv-10000-AT-VF<br><br><br>**DECLARATION OF KENNETH H. FRENCHMAN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

I, Kenneth H. Frenchman, declare as follows:

1.      I am a partner with the law firm Cohen Ziffer Frenchman & McKenna LLP, which represents Defendants Bursor & Fisher, P.A. (the "Firm") and Scott Bursor ("Mr. Bursor," and together with the Firm, "Defendants") in the above-captioned matter. I respectfully submit this declaration in support of Defendants' Motion to Dismiss the Amended Complaint ("Compl.") (the "Motion").

2.      I have represented the Firm and Mr. Bursor in connection with their pursuit of insurance coverage from Plaintiff Sentinel Insurance Company, Limited ("Hartford") for the defense and settlement of *Parker v. Bursor & Fisher, P.A.*, No. 1:24-cv-00245 (S.D.N.Y.) (the "Underlying Action"), since February 2024. I have personal knowledge of the matters set forth herein, and if called upon to testify, I could and would testify competently thereto.

3.      The exhibits attached hereto are intended to provide the Court with the benefit of documents that the Amended Complaint quotes, references, incorporates by reference, is premised

upon, that are integral to the Amended Complaint or otherwise relied upon by Hartford in framing its allegations and are in Hartford's possession, and/or of which the Court may take judicial notice.

4.      Attached hereto as **<u>Exhibit 1</u>** is a true and correct copy of Hartford's denial letter dated March 5, 2024 from Hartford to Mr. Bursor, in response to the summons in the Underlying Action. In this letter, Hartford expressly denied coverage to Mr. Bursor. The Amended Complaint relies on this coverage denial as the premise for Hartford's claims against Mr. Bursor, alleging that Hartford "denied coverage to, and did not defend, Defendant Scott Bursor" (Compl. ¶ 57; *see id.* ¶ 52), and pleading it as the foundation of its subrogation claims (Counts III and IV). Because Hartford's theory that it may proceed against Mr. Bursor depends entirely on Hartford's contention that it did not defend Mr. Bursor, the letter is integral to, relied upon in framing, and incorporated by reference into the Amended Complaint.

5.      Attached hereto as **<u>Exhibit 2</u>** is a true and correct copy of Hartford's reservation of rights letter dated March 5, 2024 from Hartford to the Firm, in response to the summons in the Underlying Action, by which Hartford agreed to participate in the Firm's defense, subject to a reservation of rights. The Amended Complaint relies on the reservation language contained in this letter as the "separate contract" on which Hartford's reimbursement claims rest (Compl. ¶¶ 29, 77, 83–94), the asserted contractual basis for Counts I, II, and VI. Because Hartford premises its contract-based reimbursement claims on this letter, it is incorporated by reference into, and is integral to, the Amended Complaint.

6.      Attached hereto as **<u>Exhibit 3</u>** is a true and correct copy of Hartford's second denial letter dated June 12, 2024 from Hartford to Mr. Bursor, in response to the Underlying Complaint. In this letter, after a month-long review of the Underlying Complaint, Hartford again expressly denied coverage to Mr. Bursor. The Amended Complaint relies on this coverage denial as the

2

premise for Hartford's claims against Mr. Bursor, alleging that Hartford "denied coverage to, and did not defend, Defendant Scott Bursor" (Compl. ¶ 57; *see id.* ¶52), and pleading it as the foundation of its subrogation claims (Counts III and IV). Because Hartford's theory that it may proceed against Mr. Bursor depends entirely on Hartford's contention that it did not defend Mr. Bursor, the letter is integral to, relied upon in framing, and incorporated by reference into the Amended Complaint.

7.      Attached hereto as **Exhibit 4** is a true and correct copy of Hartford's second reservation of rights letter dated June 12, 2024 from Hartford to the Firm, in response to the Underlying Complaint, by which Hartford re-confirmed its agreement to participate in the Firm's defense under a reservation of rights and accepted the Firm's retention of Christine A. Amalfe of Gibbons P.C as defense counsel. The Amended Complaint quotes this letter verbatim and pleads its reservation language as the "separate contract" on which Hartford's reimbursement claims rest (Compl. ¶¶ 29, 83–94), the asserted contractual basis for Counts I, II, and VI. Because Hartford quotes from and premises its contract-based reimbursement claims on this letter, it is incorporated by reference into, and is integral to, the Amended Complaint.

8.      Attached hereto as **Exhibit 5** is a true and correct copy of an email chain, spanning March through August 2024, between Defendants' coverage counsel, J. Sumbaly and K. Frenchman, and Hartford's claim handler, A. Walton, concerning Hartford's coverage positions, the Firm's defense costs, and settlement authority. Among other things, the chain reflects: (i) Defendants' March 21, 2024 requests for settlement authority and Hartford's refusal to provide it or to waive the consent-to-settle condition; (ii) Defendants' July 16, 2024 transmittal of defense invoices and express rejection of Hartford's purported reservation of a right to reimbursement, stating that "nothing in the Policy or law allows Hartford to recoup any defense costs, particularly

from the Firm, and the Firm expressly rejects the Hartford's attempt to do so"; (iii) Hartford's July 18, 2024 statement that it "only agrees to pay reasonable defense costs associated with the defense of Bursor & Fisher"; and (iv) Hartford's August 5, 2024 statement that "Scott Bursor is the managing attorney at Bursor & Fisher, which is accused of negligent supervision and retention of Mr. Bursor." The Amended Complaint relies on these communications in framing its allegations that the Firm has maintained that it "rejected" Hartford's reservation of rights, that Defendants' rejections or objections were waived, and that Hartford audited and adjusted the Firm's defense costs (Compl. ¶¶ 30, 32–33, 37-47). Because Hartford relied on this correspondence—which is in its possession—in framing the pleading, the chain is integral to, and incorporated by reference into, the Amended Complaint.

9.      Attached hereto as **<u>Exhibit 6</u>** is a true and correct copy of a letter dated March 19, 2024 from the Defendants' coverage counsel, K. Frenchman, to Hartford, by which the Firm informed Hartford that it was declining Hartford's selection of defense counsel and retaining its own independent counsel, Christine A. Amalfe of Gibbons P.C., to defend the Underlying Action. The Amended Complaint expressly relies on this correspondence in alleging that, although "Hartford offered a selection of defense counsel for the Underlying Action," "Defendants instead selected their own defense counsel . . . and declined Hartford's selection of defense counsel." Compl. ¶ 31. That allegation—central to Hartford's narrative that a defense was furnished on agreed terms—cannot be assessed without the letter, which shows the Firm rejected Hartford's proffered terms and proceeded with its own counsel. The letter is therefore integral to, and relied upon in framing, the Amended Complaint and is in Hartford's possession.

10.     Attached hereto as **<u>Exhibit 7</u>** is a true and correct copy of an email dated October 11, 2024 from Defendants' coverage counsel, J. Sumbaly, to Hartford's claim handler, A. Walton,

4

transmitting Bursor & Fisher's Form W-9 and proofs of payment—wire transfer confirmations—for the Firm's defense invoices, sent in response to Ms. Walton's October 10, 2024 request that Defendants provide "proof of payment from the insured" before Hartford would "issue reimbursement." These records confirm that the Firm paid its defense costs directly—including a payment to its counsel on April 15, 2024—for months before Hartford reimbursed those costs. The Amended Complaint relies on Hartford's payment, audit, and adjustment of the Firm's defense costs in framing its recoupment allegations (Compl. ¶¶ 32–33), and this correspondence—which is in Hartford's possession—is integral to those allegations.

11.     Attached hereto as **<u>Exhibit 8</u>** is a true and correct copy of an email thread dated September 24, 2024 between Defendants' coverage counsel, J. Sumbaly, and Hartford's claim handler, A. Walton, in which Hartford stated that it was "not in a position to authorize any settlement amount for any liability ascribed to Bursor & Fisher" in advance of the court-ordered settlement conference. This communication is in Hartford's possession and directly contradicts Hartford's allegation that it "tendered settlement authority requested by Defendants" (Compl. ¶ 35-36, 48) and its attendant suggestion that Defendants drove the settlement, demonstrating that Hartford in fact refused to authorize settlement during this period. Because the document bears directly on the settlement allegations Hartford relied upon in framing the pleading, it is integral to the Amended Complaint, and to the extent it contradicts Hartford's conclusory allegation, the document controls.

12.     Attached hereto as **<u>Exhibit 9</u>** is a true and correct copy of an email dated April 23, 2025 from Hartford's claim handler, J. Meek, to Defendants' defense counsel, C. Amalfe, in which Hartford—with no pending request from Defendants for settlement authority—requested a call to "discuss the plan of action moving forward to try and work towards resolution." This

5

communication is in Hartford's possession and directly contradicts Hartford's allegations that it merely "tendered settlement authority requested by Defendants" (Compl. ¶¶ 35-36, 48), demonstrating that Hartford itself initiated the push to settle. Because the document bears directly on the settlement allegations Hartford relied upon in framing the pleading, it is integral to the Amended Complaint, and to the extent it contradicts Hartford's conclusory allegations, the document controls.

13.    Attached hereto as **<u>Exhibit 10</u>** is a true and correct copy of an email dated May 21, 2025 from Hartford's claim handler, J. Meek, to Defendants' defense counsel, C. Amalfe, in which Hartford proposed that the parties "focus on resolving the claims between [Ms.] Parker, Mr. Bursor, and Bursor & Fisher while reserving [their] respective rights on the other issues," and advised that Hartford "would support a next settlement offer of just above [REDACTED]." This document is in Hartford's possession and directly bears on Hartford's allegations that it "agreed pursuant to its reservation of rights to pay to settle the Underlying Action" and "tendered settlement authority requested by Defendants" (Compl. ¶¶ 35-36, 48), confirming that Hartford, not Defendants, initiated and advanced the settlement. It is therefore integral to the Amended Complaint, and to the extent it contradicts Hartford's conclusory allegations, the document controls.

14.    Attached hereto as **<u>Exhibit 11</u>** is a true and correct copy of an email dated May 23, 2025 from Hartford's claim handler, J. Meek, to Defendants' defense counsel, C. Amalfe, in which Hartford, on its own initiative and without any pending request from the Firm, increased its settlement authority. This communication is in Hartford's possession and directly contradicts the framing of Hartford's allegation that it "tendered settlement authority requested by Defendants" (Compl. ¶ 35-36, 48). This document is therefore integral to the Amended Complaint, and to the

extent it contradicts Hartford's characterization of the settlement as driven by Defendants, the document controls.

15.    Attached hereto as **Exhibit 12** is a true and correct copy of an email thread dated June 3 through June 10, 2025 among Hartford's claim handler, J. Meek, Defendants' coverage counsel, K. Frenchman, and Defendants' defense counsel, C. Amalfe. In this thread, defense counsel conveyed plaintiff's settlement demand, Hartford agreed to pay to settle the Underlying Action "subject to Hartford's right to seek reimbursement" for amounts "attributable to the non-covered claims in the lawsuit," and advised that if the Firm "does not wish to settle the lawsuit at this time, it has the right to decline the settlement and assume its own defense." Defendants' coverage counsel responded that Defendants "adamantly disagree that Hartford has any right to recoupment or that any of the costs were incurred solely for purportedly non-covered claims but acknowledge that Hartford is reserving any right that it believes it has." The Amended Complaint quotes this exchange and pleads it as the asserted basis for the "separate contract" and reimbursement right Hartford alleges (Compl. ¶¶ 34, 39–42, 88). This thread also establishes that Defendants rejected Hartford's recoupment reservation the same day, defeating any allegation of mutual assent. Because Hartford quotes and premises its claims on this exchange, it is incorporated by reference into, and is integral to, the Amended Complaint.

16.    Attached hereto as **Exhibit 13** is a true and correct copy of an email thread dated June 18 through July 3, 2025 among Hartford's claim handler, J. Meek, and Defendants' defense counsel, C. Amalfe, in which (1) Defendants' defense counsel transmitted a draft settlement agreement for the Underlying Action to Hartford; (2) Hartford offered one suggested revision to the draft settlement agreement; and (3) Defendants accepted Hartford's suggested revision. This document is in Hartford's possession and is integral to the Amended Complaint because Hartford

7

relied on the settlement it reviewed, approved, and funded in framing its allegations that "Hartford tendered settlement authority requested by Defendants and Defendants, through their chosen counsel, effectuated a settlement with those funds," and that "[t]he final settlement . . . has been signed and effectuated." Compl. ¶¶ 36, 48.

17.    Attached hereto as **Exhibit 14** is a true and correct copy of the general liability insurance policy, including the umbrella coverage parts, that Hartford issued to the Firm for the policy period from August 4, 2021 through August 4, 2022, Policy No. 57 SBA BA 7698 SC (the "2021-2022 Policy").[1] The umbrella coverage parts contain the same material coverage terms as the primary Policies and provide an additional $5,000,000 limit of liability per policy period. The Amended Complaint is premised on and repeatedly quotes the Policies (Compl. ¶¶ 49–51, 109–110). Because Hartford's coverage obligations and every cause of action arise from the Policies, and because Hartford directly quotes them, the Policies are incorporated by reference into, and are integral to, the Amended Complaint, and the Court may consider their full text.

18.    Attached hereto as **Exhibit 15** is a true and correct copy of the Articles of Incorporation of Bursor & Fisher, P.A., which is a matter of public record on file with the Florida Department of State whose accuracy cannot reasonably be questioned, and of which the Court may take judicial notice. The Amended Complaint places the Firm's corporate form and governance directly at issue: it alleges Mr. Bursor's status as an officer and director of the Firm (Compl. ¶ 22) and asserts subrogation and breach-of-fiduciary-duty theories predicated on the duties Mr. Bursor owes to the Firm (Compl. ¶¶ 104, 108-120). The Articles establish that the Firm is a Florida professional association organized as a corporation and that the Firm has eliminated the personal

---

[1] Upon information and belief, the 2021–2022 Policy is complete and accurate, and its material terms are the same as those of the other policies that Hartford issued to the Firm consecutively from August 4, 2018 through August 4, 2024 (the "Policies").

liability of its officers and directors for breach of any duty owed to the corporation or its shareholders. The Court may take judicial notice of this public record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27 day of July, 2026, at New York, New York.

_____
Kenneth H. Frenchman

**COHEN ZIFFER FRENCHMAN & MCKENNA LLP**

Kenneth H. Frenchman
Jason M. Sumbaly
1325 Avenue of the Americas, 31st Floor
New York, NY 10019
(212) 584-1890
kfrenchman@cohenziffer.com
jsumbaly@cohenziffer.com

*Attorneys for Defendants Bursor & Fisher, P.A., and Scott Bursor*