# EXHIBIT

# 4



**Together We Prevail**™

**SENT VIA E-MAIL**

June 12, 2024

Scott Bursor
Bursor & Fisher, P.A.
scott@bursor.com

THE
HARTFORD

Business Insurance
Employee Benefits
Auto
Home

| | | |
|---|---|---|
| **RE:** | **Policyholder:** | **Bursor & Fisher, P.A.** |
| | **Policies:** | **57 SBA BA7698 (08/04/2011-08/04/2024)[1]** |
| | **Lawsuit:** | ***Angelica Parker vs. Scott Bursor, individually and in his professional capacity as owner of Bursor & Fisher, P.A., and Bursor & Fisher, P.A.*** **United States District Court, Southern District of New York, Case No. 24-cv-245.** |

Dear Mr. Bursor,

This letter is in response to the request for coverage by Bursor & Fisher ("Firm") in connection with the above-referenced lawsuit ("Lawsuit") in which the Firm is named as a defendant. This letter also serves to supplement our prior correspondence issued on March 5, 2024. Please continue to direct all correspondence in this matter to my attention.

The purpose of this letter is to convey to you The Hartford's position with respect to the above referenced policies ("Policies") issued to the Firm by Sentinel Insurance Company ("The Hartford"). If you have any questions regarding The Hartford's position, please contact me immediately.

Please be advised that as set forth more fully below, The Hartford will agree to participate in the defense of the Firm in connection with the Lawsuit under the primary coverage part of the Policies in effect for consecutive annual periods from August 4, 2018-August 4, 2024 ("Participating Primary Policies"), subject to a reservation of rights. This reservation of rights is intended to explain to you that after a full investigation of this matter has been completed, there may be no coverage for the Firm for the Lawsuit under the Participating Primary Policies and The Hartford ultimately may have no obligation to pay for any settlement or judgment in this matter. The Hartford believes that this letter fairly informs you of its position and the reasons it is reserving its rights to later deny coverage.

With respect to the primary coverage part of the Policies in effect for consecutive annual periods from August 4, 2011-August 4, 2018 ("Non-Participating Primary Policies"), please be advised that The Hartford has determined that there is no coverage for the Firm for the Lawsuit. Additionally, we note that the Policies issued 8/4/2012-8/4/2024 also contain an umbrella coverage part. Please be advised that The Hartford will monitor the Lawsuit under the umbrella coverage part on the Policies in effect from 08/04/2018-08/04/2024("Monitoring Umbrella Contracts") subject to a full reservation of rights. Under the umbrella coverage part on the Policies in effect from 08/04/2012-08/04/2018 ("Non-

---

[1] Issued for consecutive annual periods.

8414849_1 ©2021 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Page 2 of 8
June 12, 2024
Scott Bursor

Applicable Umbrella Contracts"), The Hartford has determined that there is no coverage. The Hartford's position under each of the Policies is detailed separately below.

## THE LAWSUIT

According to the Lawsuit, plaintiff Angelica Parker ("Plaintiff") alleges she was a victim of emotional, physical, and sexual abuse by you beginning shortly after you met Plaintiff and began dating in October 2018. Specifically, Plaintiff alleges that some of the abuse occurred at the offices of the Firm and that you used the Firm's accounts to fund vacations, where some of the abuse occurred. Plaintiff further alleges that a law partner of the Firm witnessed the alleged abuse on multiple occasions. The Plaintiff is asserting claims of Violation of New York City Victims of Gender-Motivated Violence Protection Act and intentional infliction of emotional distress against you and the Firm. Plaintiff alleges she has suffered and will continue to suffer emotional, psychological and physical damages as a result of the alleged abuse.

## PARTICIPATING PRIMARY POLICIES

As noted above, The Hartford agrees to participate in the defense of the Lawsuit for the Firm under the Participating Primary Policies, pursuant to a full reservation of rights.

As an initial matter, the Firm is the named insured on the Policies and on the declarations page and is designated as a corporation. Accordingly, we draw your attention to the following provision included in Business Liability Coverage Form SS 00 08 04 05:

> ### C. WHO IS AN INSURED
> 1. If you are designated in the Declarations as:
> d. An organization other than a partnership, joint venture, or limited liability company, you are insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers and directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

According to the above-quoted language, certain others may qualify as an insured on the Participating Primary Policies but only with respect to their duties related to the conduct of the Firm's business. The Plaintiff alleges in the Lawsuit that she suffered emotional, physical, and sexual abuse caused by you. To the extent the alleged actions brought against the Firm are outside the duties and conduct of the business, we must respectfully advise you coverage may be limited or precluded for the Firm in connection with the Lawsuit.

Additionally, please be advised the Business Liability Coverage Form includes the following insuring agreement:

> ### A. COVERAGES
> 1. BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)
> Insuring Agreement

8414849_1 ©2021 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Page 3 of 8
June 12, 2024
Scott Bursor

> a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.*

The Participating Primary Policies include the following relevant definitions:

> ### *G. LIABILITY AND MEDICAL EXPENSES DEFINTIONS*
>
> *5. "Bodily injury" means physical:*
>   *a. Injury;*
>   *b. Sickness; or*
>   *c. Disease*
>   *Sustained by a person and, if arising out of the above, mental anguish or death at any time.*
>
> *16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*
>
> *17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*
>   *a. False arrest, detention, or imprisonment;*
>   *[…]*
>   *h. Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.*

As an initial matter, we note that the definition of "personal and advertising injury" is modified by form SS 00 60 09 15 as follows:

> ***F.*** *Subparagraph 17.h. of Section G,* ***Liability and Medical Expenses Definitions*** *is deleted.*

As indicated above, paragraph 17.h. of the definition of "personal and advertising injury" (specifically, discrimination or humiliation that results in injury to feelings of a natural person) is deleted; as such, any alleged damages of discrimination or humiliation would not constitute "personal and advertising injury" as defined in the Participating Primary Policies

Also, according to the above quoted language, the Participating Primary Policies only afford coverage for bodily injury caused by an occurrence. To the extent it is determined that the allegations in the Lawsuit do not constitute an occurrence, as that term is defined by the Participating Primary Policies, coverage would be precluded for the Lawsuit under the Participating Primary Policies.

Additionally, please be advised that the Business Liability Coverage Form SS 00 08 04 05 also includes the following exclusion:

8414849_1©2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Page 4 of 8
June 12, 2024
Scott Bursor

### B. EXCLUSIONS

    **1.    *Applicable to Business Liability Coverage***
        *This insurance does not apply to:*

    **a.  *Expected or Intended Injury***

        *(1) "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or*

        *(2) "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."*

According to the above-quoted exclusion, the Participating Primary Policies do not provide coverage for bodily injury expected or intended from the standpoint of the insured or personal and advertising injury arising out of an offense that was either committed at the direction, consent, or acquiescence of the insured. To the extent it is determined that the Firm expected or intended the bodily injury or knowingly committed the personal and advertising injury alleged in the Lawsuit, we must advise you that coverage may be limited or precluded for the Lawsuit under the Participating Primary Policies.

Please be advised that the Participating Primary Policies also contain the following Lawyers Professional Liability Exclusion Form SS 05 13 04 01:

> *This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render professional legal services by a lawyer or by any other person performing such legal services.*

According to the above-quoted exclusion, the Participating Primary Policies do not provide coverage for bodily injury or personal and advertising injury arising out of the rendering or failure to render professional legal services. To the extent it is determined the Plaintiff's injuries were caused by the rendering or failure to render professional services, please be advised that coverage may be limited or precluded for the Lawsuit under the Participating Primary Policies.

Without limiting the foregoing, our agreement to participate in the defense of the Lawsuit is subject to the following specific reservations:

- Coverage is not provided for any person or entity that is not an "Insured", "Named Insured", "Person Insured" or "Additional Insured" under the Participating Primary Policies (as those terms are defined in the Participating Primary Policies);
- The Participating Primary Policies do not provide coverage for those claims which are not damages because of "bodily injury" (as that term is defined in the Participating Primary Policies);
- The Participating Primary Policies do not provide coverage for "bodily injury" which occurred prior to or after the effective dates of the Participating Primary Policies;

8414849_1 © 2021 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Page 5 of 8
June 12, 2024
Scott Bursor

- The Participating Primary Policies do not provide coverage for "bodily injury" which was known to have occurred, in whole or in part, prior to the policy period of the Participating Primary Policies;
- The Participating Primary Policies do not provide coverage for any obligation for which the insured or any other insurer may be held liable under any workers' compensation or similar law;
- The Participating Primary Policies do not provide coverage for "bodily injury" to any employee arising out of and in the course of employment by the Insured;
- The Participating Primary Policies may not provide coverage for punitive damages, fines, penalties or other similar exemplary relief;
- The Participating Primary Policies do not provide coverage for equitable, injunctive or other similar non-monetary relief;
- Certain payments made by The Hartford in this matter are subject to the applicable limits of liability of the Participating Primary Policies;
- Certain payments made by The Hartford in this matter are subject to any deductible(s) and/or retrospective premium plans(s) of the Participating Primary Policies.
- The Participating Primary Policies do not provide coverage if there has been a breach of any condition contained in the Participating Primary Policies;
- To the extent that the Plaintiff alleges damages and/or causes of action potentially within the coverage of the Participating Primary Policies, as well as damages and/or causes of action not potentially within that coverage, The Hartford reserves the right to apportion costs and/or damages between covered and non-covered claims and to pay only for the indemnity of covered claims.

It is The Hartford's understanding that you have retained Christina Amalfe at Gibbons, P.C. to represent the Firm in the Lawsuit. As previously discussed, The Hartford agrees to pay necessary and reasonable post-tender costs associated with the defense of the Firm in the Lawsuit.

The Hartford further reserves its right under the Participating Primary Policies to withdraw from the defense of the Lawsuit if further investigation reveals there is no potential for coverage under the Participating Primary Policies. We reserve the right to seek reimbursement from other carriers, or from the Firm as appropriate, for any and all monies paid toward settlement of or judgment in this matter and/or all other expenses and payments for which it is later determined that there is no potential for coverage.  By agreeing to provide the Firm with a defense for the Lawsuit, The Hartford is not waiving its right to refuse to pay any settlement or judgment in this matter.

## NON-PARTICIPATING PRIMARY POLICIES

As noted above, The Hartford denies any obligation with respect to the Lawsuit under the Non-participating Primary Policies in effect for consecutive annual periods from August 4, 2011-August 4, 2018. The Insuring Agreement of the Non-Participating Primary Policies provide in relevant part the following:

### A. COVERAGES

8414849_1©2021 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Page 6 of 8
June 12, 2024
Scott Bursor

   1.  *BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)*
       *Insuring Agreement*
   *[…]*
       b.  *This insurance applies:*
           *(1) To "bodily injury" and "property damage" only if:*
               a.  *The "bodily injury" or "property damage" is caused by an "occurrence" that takes places in the "coverage territory";*
               b.  *The "bodily injury" or "property damage" occurs during the policy period.*
           *(2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.*

The Non-Participating Primary Policies provide potentially applicable coverage for "bodily injury" and "personal and advertising injury" which takes place during their respective policy periods.  However, the Plaintiff's allegations of physical and sexual abuse began in or around October 2018-2019.  Accordingly, any "bodily injury" or "personal and advertising injury" could not have occurred during the policy periods of the Non-Participating Primary Policies, all of which pre-date the Plaintiff's allegations.  As such, The Hartford disclaims coverage for the Lawsuit under the Non-Participating Primary Policies. To the extent you have any additional information you would like us to consider, please forward to my attention as soon as possible. The Hartford reserves all rights with respect to this issue.

**MONITORING UMBRELLA CONTRACTS**

As an initial matter, we note that the Monitoring Umbrella Contracts on the Policies in effect from 08/04/2018-08/04/2024 would not potentially respond to the Lawsuit, if at all, unless and until the underlying insurance (listed in the Declarations page as the coverages identified in this letter as Participating Primary Policies), and or self-insured retentions as applicable, has been properly exhausted. [2] At this time, the underlying limits of liability are not exhausted; to the extent the underlying limits of liability exhaust, The Hartford will more fully review its coverage obligations, if any, under the Monitoring Umbrella Contracts.

In the meantime, we note that the Monitoring Umbrella Contracts contain the same, or substantially similar, policy provisions as quoted in the Participating Primary Policies section above. Specifically, the Monitoring Umbrella Contracts only afford coverage for bodily injury caused by an occurrence that occurs during the policy period. Additionally, the Monitoring Umbrella Contracts preclude coverage for damages expected or intended from the standpoint of the insured and for the rendering or failure to render professional legal services. To the extent it is determined any damages for bodily injury were expected or intended by the insured and/or arose out of the rendering or failure to render professional legal services, The Hartford disclaims coverage. As noted above, The Hartford will review its coverage obligations, if any, under the Monitoring Umbrella Contracts when and if the Participating Primary

---

[2] In addition, any obligations The Hartford might owe under the Monitoring Umbrella Contracts are also subject to all other terms, conditions, endorsements and/or exclusions of the Monitoring Umbrella Contracts.

8414849_1 © 2021 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Page 7 of 8
June 12, 2024
Scott Bursor

Policies exhaust their limits of liability. In the meantime, The Hartford reserves all rights with respect to this issue.

## NON-APPLICABLE UMBRELLA CONTRACTS

As an initial matter, we note that the Non-Applicable Umbrella Contracts on the Policies in effect from 08/04/2012-08/04/2018 would not potentially respond to the Lawsuit, if at all, unless and until the underlying insurance, and or self-insured retentions as applicable, has been properly exhausted. [3]

Notwithstanding the foregoing, we note that the Non-Applicable Umbrella Contracts provide potentially applicable coverage for "bodily injury" and "personal and advertising injury" which takes place during their respective policy periods. However, the Plaintiff's allegations of physical and sexual abuse began in or around October 2018-2019. Accordingly, any "bodily injury" or "personal and advertising injury" could not have occurred during the policy periods of the Non-Applicable Umbrella Contracts, all of which pre-date the Plaintiff's allegations. As such, The Hartford disclaims coverage for the Lawsuit under the Non-Applicable Umbrella Contracts. To the extent you have any additional information you would like us to consider, please forward to my attention as soon as possible. The Hartford reserves all rights with respect to this issue.

## GENERALLY

This communication is not intended to be and should not be construed as an exhaustive listing of all policy terms and conditions that may apply to this matter. The Hartford hereby reserves all its rights, positions and defenses in this matter. Neither this communication, nor any prior or subsequent communications, should be construed as a waiver of any rights, positions or defenses held by The Hartford.

Should The Hartford assert and prevail on any reservations, it does not waive its rights, if any, to seek and demand reimbursement for any payments paid either to Bursor, other carriers, or otherwise in connection with the Lawsuit. In the event that any reservations are rejected by any court of appropriate jurisdiction (which shall be deemed to include a final order on appeal), The Hartford will provide coverage only in accordance with the theory of coverage adopted by such court and will seek and demand reimbursement of payments made by it based upon the reservations.

The Hartford reserves the right to supplement and/or to amend its coverage positions should facts and circumstances indicate the need to do so in connection with the Lawsuit. If there is any information or documentation that you would like us to consider, please immediately bring the same to my attention. Also, should you have any questions regarding the foregoing and/or should you wish to discuss this matter in general, please do not hesitate to contact me.

Sincerely,

---

[3] In addition, any obligations The Hartford might owe under the Non-Applicable Umbrella Contracts are also subject to all other terms, conditions, endorsements and/or exclusions of the Non-Applicable Umbrella Contracts.

8414849_1 ©2021 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Page 8 of 8
June 12, 2024
Scott Bursor

*Allison Walton*

Allison Walton
The Hartford – Complex Claims Unit
Hartford Plaza, T-14-CO
Hartford, CT 06155
Phone: (860) 547-4838
E-mail: Allison.Walton@TheHartford.com

8414849_1 ©2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.