# EXHIBIT

# 5

**From:**      Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:**      Monday, August 5, 2024 3:18 PM
**To:**        Jason Sumbaly
**Cc:**        Ken Frenchman
**Subject:**   RE: Parker v. Bursor, et al.
**Attachments:**  Billing Guidelines.pdf

Thank you. This will serve to acknowledge receipt of your email on July 16. Included with your email were various legal invoices incurred submitted by Gibbons P.C. and Judd Burstein, P.C. ("Defense Counsel"). We are in the process of reviewing these invoices. We are enclosing a copy of The Hartford's billing guidelines for Defense Counsel to comply with regarding the Lawsuit and all invoices will be reviewed for compliance of same. Should you or Defense Counsel have any questions regarding them, please feel free to reach out.

While we fully review the invoices you have submitted, we want to again remind you, and as stated in our March 14, 2024 correspondence, that The Hartford's policies issued to Bursor & Fisher contain the following relevant conditions:

*E. LIABILITY AND MEDICAL EXPENSES*
*GENERAL CONDITIONS*
*[…]*
*c. Assistance And Cooperation Of The Insured*
*[…]*
*(3) Cooperate with us in the investigation, settlement of the claim or defense against the "suit"*

   *d. Obligations At The Insured's Own Cost*
   *No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, with our consent.*

According to the above-quoted language, Bursor & Fisher is required to cooperate with The Hartford in our investigation. Based on our preliminary review of Defense Counsel's invoices, of which total over $1 million in fees and expenses since September 2023, we note numerous references to case activity, discovery, strategy, motions, etc. yet, to date, The Hartford has not received any case evaluations or information regarding the Lawsuit (other than the complaint itself) to help The Hartford determine Bursor & Fisher's potential liability.

Additionally, it is The Hartford's understanding that Scott Bursor is the managing attorney at Bursor & Fisher, which is accused of negligent supervision and retention of Mr. Bursor. However, the invoices submitted by Defense Counsel refer throughout to Scott Bursor as the client– not Bursor & Fisher, and there is no breakout of the defense work being done for any liability ascribed to Bursor & Fisher for their involvement in the events that are described in the Lawsuit. As we have previously communicated, and based on the allegations as asserted, there is no coverage for Scott Bursor's individual involvement in the Lawsuit under The Hartford's policies issued to Bursor & Fisher. As such, there is no coverage for the defense costs billed by Defense Counsel for the defense of Scott Bursor in connection with the Lawsuit.

Additionally, and since The Hartford agreed to participate in the defense of Bursor & Fisher per our prior communication, The Hartford must be included on all communications from defense counsel going forward in connection with the defense of Bursor & Fisher. In addition to the information requests above, we request that you forward to us any summaries and or case evaluations that have been prepared to date.

The Hartford continues to reserve all rights and defenses. Please let me know if you have any questions.

1

**Allison Walton**
Claims Consultant
Complex Claims Unit



The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford

Business Insurance
Employee Benefits
Auto
Home

**From:** Jason Sumbaly
**Sent:** Thursday, July 18, 2024 2:24 PM
**To:** Walton, Allison (Core Claims)
**Cc:** Ken Frenchman
**Subject:** Re: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Allison –

First, no other carriers have agreed to participate in the defense for Bursor & Fisher.

Second, while Hartford has agreed to participate only in the defense of Bursor & Fisher and not on behalf of Mr. Bursor, all the work performed to-date, by both Burstein and Gibbons, was performed for the benefit of Bursor & Fisher. It is well-settled that the burden rests with Hartford to show which, if any, of the defense costs incurred were solely for the benefit of Mr. Bursor. However, Mr. Bursor and Bursor & Fisher have a joint defense and none of the work performed was for the sole benefit for Mr. Bursor. For example, the costs incurred to remove the case to federal court, the motions to seal, and the motion to dismiss and strike the complaint, are all in defense of Bursor & Fisher. Additionally, ongoing discovery is on behalf of and for the benefit of Bursor & Fisher. Thus, Hartford is responsible for <u>all</u> of the defense costs incurred to date and cannot reasonably avoid its liability for defense costs which were incurred in defense of the Firm. This is further confirmed by the Complaint itself, which seeks to impose liability on the Firm and Mr. Bursor "jointly or severally." Furthermore, nothing in the Policies allows Hartford to engage in such allocation outside the prescribed contours of New York and/or Florida law.

Finally, as a reminder, Mr. Bursor does not agree with Hartford that he is not covered under the Policies. Nonetheless, so long as the Firm is a party to the Underlying Lawsuit, the burden remains with Hartford to show that any defense costs were not incurred on behalf of the Firm and were incurred *solely* for the benefit of Mr. Bursor.

Please let us know if you'd like to discuss.

Thanks,

Jason

2

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Thursday, July 18, 2024 8:43 AM
**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Thank you. A couple of things:

1. Have any other carriers agreed to participate in the defense for Bursor & Fisher?
2. It appears the invoices are combined work for the defense of Mr. Bursor himself and Bursor & Fisher. As a reminder, The Hartford agreed to participate in the defense of Bursor & Fisher and only agrees to pay reasonable defense costs associated with the defense of Bursor & Fisher.

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit



THE HARTFORD

Business Insurance
Employee Benefits
Auto
Home

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Tuesday, July 16, 2024 12:19 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** Re: Parker v. Bursor, et al.

3

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Allison -

Thank you for acknowledging Hartford's duty to defend the Firm under the Participating Policies. While we agree that the allegations in the current Complaint fall outside the scope of the Non-Participating Policies, we disagree with Hartford's reservations under the Participating Policies and reserve the right to seek coverage under the Non-Participating Policies should additional information and allegations arise that fall within those policy periods. Additionally, nothing in the Policy or law allows Hartford to recoup any defense costs, particularly from the Firm, and the Firm expressly rejects the Hartford's attempt to do so. Additionally, we disagree with Hartford's position that the Participating Policies do not provide coverage for Mr. Bursor – and Mr. Bursor reserves his right to respond to Hartford's denial at a later date. Thus, the Firm and Mr. Bursor expressly reserve all their rights under the Polices and the law.

Pursuant to the Hartford's acknowledgement of coverage for the Firm, attached are invoices incurred by Bursor & Fisher in its defense of the Underlying Lawsuit. As you are aware, the Firm was originally represented primarily by Judd Burstein but since around mid-April 2024, Gibbons has taken over primary responsibility of the defense. Included are invoices from both law firms. Please note, that the invoices have been stamped "CONFIDENTIAL" pursuant to (and are subject to) the parties' May 8, 2024 Confidentiality Agreement. For the avoidance of doubt, by providing Hartford with the invoices, the Firm does not agree with any of Hartford's reservations to coverage with respect to the Firm or Hartford's coverage denial as to Mr. Bursor.

By way of update, the Underlying Lawsuit is ongoing. The parties recently completed briefing on defendants' motion to dismiss and strike the complaint. The Court has also set a discovery schedule and scheduled a settlement conference for Wednesday, September 25, 2024. Although defendants sought to stay discovery pending their motion to dismiss and strike the complaint, the Court denied that request and ordered discovery to proceed. Thus, the parties will be conducting discovery, which presently is set to end November 29, 2024. In the interim, we will keep Hartford informed of any additional updates and reach out closer to the date of the settlement conference.

Finally, we kindly request that Hartford provide us with copies of all the Participating and Non-Participating primary and umbrella policies.

We are available to discuss should you have any questions.

Thank you,

Jason

---

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Wednesday, June 12, 2024 6:08 PM

4

**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Please see attached The Hartford's formal coverage positions for both Bursor & Fisher and Scott Bursor. Please let me know if you have any questions.

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford



THE HARTFORD

Business Insurance
Employee Benefits
Auto
Home

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Wednesday, June 12, 2024 1:54 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** Re: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Allison -

Following up on Hartford's coverage position.

Thanks,

Jason

---

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Friday, June 7, 2024 4:14 PM
**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

I'm just awaiting final approval to send, I should have them to you early next week. However, The Hartford's positions are very similar to our previously issued coverage positions.

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford



Business Insurance
Employee Benefits
Auto
Home

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Thursday, June 6, 2024 11:22 AM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** Re: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Allison -

Please let us know when we can expect Hartford's coverage position for the Complaint we sent over four weeks ago.

Thanks,

Jason

---

**From:** Jason Sumbaly
**Sent:** Wednesday, May 8, 2024 2:36 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Thanks, Allison. We have sent to our client for execution and will send it along once we have it. In the meantime, attached is the Complaint, which has been stamped "CONFIDENTIAL" pursuant to the Confidentiality Agreement and is being provided to Hartford pursuant to same. We request that Hartford review the Complaint on an expedited basis and provide its coverage position as soon as possible, especially considering the extraordinary delay in finalizing the Confidentiality Agreement and that all the other carriers have had the Complaint for weeks already.

7

Best,



JASON SUMBALY
Associate
D 212.584.1836 /
M 732.771.6672

jsumbaly@cohenziffer.com
in

---

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Wednesday, May 8, 2024 2:09 PM
**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Please see attached. Please send me a copy once fully executed.

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241



THE
HARTFORD

Business Insurance
Employee Benefits
Auto
Home

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford

8

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Wednesday, May 8, 2024 1:09 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Great. We'll send the complaint once we receive an executed copy from Hartford.

Best,



JASON SUMBALY
Associate
D 212.584.1836 / M 732.771.6672
jsumbaly@cohenziffer.com

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Wednesday, May 8, 2024 12:49 PM
**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

We are fine with the changes. I will cancel the meeting.

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Wednesday, May 8, 2024 11:52 AM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Allison – we are okay with your changes, but have made some minor edits to FN 1 and removed a redundant WHEREAS paragraph re Hartford's acknowledgement of coverage pursuant to a reservation of rights. If these are acceptable to Hartford, please finalize and send back an executed copy. In light of this, please let us know if Hartford believes we still need to get on a call later today – we are happy to cancel and send the complaint once this is finalized.

Thanks,



JASON SUMBALY
Associate
D 212.584.1836 /
M 732.771.6672
jsumbaly@cohenziffer.com

in

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Wednesday, May 8, 2024 10:33 AM
**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Good Morning,

Please see attached The Hartford's latest edits in advance of our call this afternoon.

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit



THE HARTFORD

Business Insurance
Employee Benefits
Auto
Home

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Thursday, May 2, 2024 10:30 AM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>; Perlman, Peter A (Litigation and Empl Law) <Peter.Perlman@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Allison –

While we will attend the call on May 8, the fact is that Hartford has had this agreement for more than a month at this point. Based on your timeline, this routine and uncontroversial agreement will not be finalized for at least 6 weeks since we originally sent a draft. This is unacceptable and egregious, particularly considering all the other insurers have finalized the agreement and received the complaint.

Best,



JASON SUMBALY
Associate
D 212.584.1836 / M 732.771.6672

jsumbaly@cohenziffer.com

---

**From:** Jason Sumbaly
**Sent:** Thursday, May 2, 2024 9:31 AM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Sure – I am available between 10-2 on May 8th. Please send an invite.

Thanks,



JASON SUMBALY
Associate
D 212.584.1836 / M 732.771.6672

jsumbaly@cohenziffer.com



**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Thursday, May 2, 2024 8:37 AM
**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

I think a call would probably make sense. My counsel is out until May 8th, can we set a call for the 8th? We can be available anytime between 10-2 EST.

Thanks,

Allison

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Wednesday, May 1, 2024 9:38 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Allison –

Following up on the below. Please let me know if you'd like to get on a call. We really need to get this finalized so we can provide the complaint, and Hartford can assess coverage of same.

13

Thank you,



JASON SUMBALY
Associate
D 212.584.1836 /
M 732.771.6672

jsumbaly@cohenziffer.com

in

---

**From:** Jason Sumbaly
**Sent:** Monday, April 29, 2024 3:57 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Allison –

These footnotes were added in direct response to Hartford's removal of Scott Bursor from the agreement entirely, insertion of Bursor & Fisher's responsibility under the Policies, and limitation to a single "Participating Policy" – all of which have nothing to do with the confidentiality of any documents Bursor & Fisher (or Mr. Bursor) may provide. We agree with you that this Agreement has nothing to do with either party's position with respect to coverage, but the agreement also should not bake in Hartford's unilateral understanding of the Claim, which as you recognize is before Hartford's review of the complaint, and it should not insert any obligations under the policy, which are independent of this agreement.

Instead of going back and forth with redlines, we suggest coming to an agreement on the above issues first. We suggest the following:

(1) Mr. Bursor should be added back to the agreement –this does not impact Hartford's ability to continue to deny coverage for Mr. Bursor after reviewing the complaint, but if Hartford changes its position, it will serve to protect materials provided directly by Mr. Bursor, who at this stage is at least a potential insured;

14

(2) change the language in the 3rd WHEREAS paragraph to our prior version, which preserves Hartford's position that the Insureds have a duty to cooperate while not imposing any additional obligation beyond the Policies on the Insureds (ie, this Agreement is not the source of the Insureds' duty to cooperate); and

(3) remove reference to any specific policy and instead state "WHEREAS, Hartford has agreed to defend Bursor & Fisher under certain Policy(ies) for the Lawsuit" and "WHEREAS, Hartford has agreed to defend Bursor & Fisher under a reservation of rights in a letter date March 5, 2024 for the Lawsuit under certain Policy(ies)".

If these changes seem acceptable, please confirm. Otherwise, let me know if you'd like to get on the phone to discuss.

Thanks,



JASON SUMBALY
Associate
D 212.584.1836 /
M 732.771.6672

jsumbaly@cohenziffer.com

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Monday, April 29, 2024 3:04 PM
**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Good Afternoon,

Please see attached The Hartford's edits. We removed the footnotes that were added as this is a confidentiality agreement and has nothing to do with The Hartford's coverage position and whether Bursor & Fisher or Scott Bursor are reserving their right to push back on our positions, especially when the facts of the now filed Lawsuit are not in The Hartford's possession.

Additionally, we made a change regarding Bursor & Fisher's responsibility to provide the Lawsuit and other related materials in accordance with the following policy language:

*c. Assistance And Cooperation Of The Insured*

*You and any other involved insured must:*

*(1) Immediately send us copies of any demands, notices, summonses or*

*legal papers received in connection with the claim or "suit";*

*(2) Authorize us to obtain records and other information;*

*(3) Cooperate with us in the investigation, settlement of the claim or defense*

*against the "suit"; and*

*(4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance*

*may also apply.*

Lastly, my director will be signing on behalf of The Hartford so I have changed the signee to his name.

Please let me know if you have any questions or want to discuss further.

Thanks,

16

**Allison Walton**
Claims Consultant

Complex Claims Unit



The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

Business Insurance
Employee Benefits
Auto
Home

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Friday, April 26, 2024 9:22 AM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Allison –

We have accepted all Hartford's changes and have made some additional edits in redline. Please let us know if you'd like to discuss. Otherwise, please send an executed agreement signed on behalf of Hartford.

Thank you,



**JASON SUMBALY**
Associate
D212.584.1836 / M 732.771.6672

jsumbaly@cohenziffer.com

From: Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
Sent: Thursday, April 25, 2024 4:37 PM
To: Jason Sumbaly <jsumbaly@cohenziffer.com>
Cc: Ken Frenchman <kfrenchman@cohenziffer.com>
Subject: RE: Parker v. Bursor, et al.

Please see attached The Hartford's edits to the draft protective order. Please let me know if you want to discuss further. Specifically, we changed the definition of "insureds" as we are not providing coverage for Scott Bursor, individually.

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford



THE HARTFORD

Business Insurance
Employee Benefits
Auto
Home

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Wednesday, April 24, 2024 4:28 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Allison –

It has now been over three weeks since we sent a draft protective order to The Hartford. Additionally, I have followed up several times. On April 9 and 12, we were advised that the legal team was reviewing, but have not heard anything since then. As we have reminded The Hartford on several occasions, time is of the essence as the Underlying Action is moving forward and we are unable to provide The Hartford the complaint without a protective order in place. Please either (1) execute the draft version sent on April 1, 2024, or (2) provide The Hartford's comments/edits **no later than Friday, April 26, 2024**.

Thanks,



JASON SUMBALY
Associate
D212.584.1836 / M 732.771.6672
jsumbaly@cohenziffer.com
in

**From:** Jason Sumbaly
**Sent:** Monday, April 22, 2024 11:40 AM

**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Hi Allison –

Following up on the status of the protective order.

Thanks,



JASON SUMBALY
Associate
D212.584.1836 / M 732.771.6672

jsumbaly@cohenziffer.com

in

---

**From:** Jason Sumbaly
**Sent:** Tuesday, April 16, 2024 2:17 PM
**To:** 'Walton, Allison (Core Claims)' <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Hi Allison – following up on the protective order. We sent it on April 1, and it is now over two weeks. We'd like to finalize this as soon as possible so we can provide you with the complaint. Again, time is of the essence.

Thanks,



**JASON SUMBALY**
Associate
D212.584.1836 / M 732.771.6672

jsumbaly@cohenziffer.com

From: Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
Sent: Friday, April 12, 2024 7:35 AM
To: Jason Sumbaly <jsumbaly@cohenziffer.com>
Cc: Ken Frenchman <kfrenchman@cohenziffer.com>
Subject: RE: Parker v. Bursor, et al.

It is being reviewed internally by our legal team. We should have it to you soon.

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford



Business Insurance
Employee Benefits
Auto
Home

21

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Thursday, April 11, 2024 5:44 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Allison –

Following up on the protective order. We are running short on time.

Thanks,



JASON SUMBALY
Associate
D 212.584.1836 / M 732.771.6672
jsumbaly@cohenziffer.com

**From:** Jason Sumbaly
**Sent:** Wednesday, April 10, 2024 11:59 AM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Allison –

While we appreciate your concern, nothing in The Hartford's Policies require the Insureds, where there is a conflict of interest, to select independent counsel from The Hartford's "approved list of firms." Additionally, there is no cap on rates in the Policies. Under New York law, The Hartford must pay the reasonable rates of counsel, which are different than what The Hartford pays its appointed defense counsel in typical circumstances.

Nonetheless, as we mentioned, the Insureds will be retaining Ms. Amalfe and will be seeking reimbursement of reasonable defense costs incurred from The Hartford.

Finally, please let us know when we can expect the protective order, so that we may provide The Hartford with the complaint.

Thanks,



JASON SUMBALY
Associate
D212.584.1836 / M 732.771.6672

jsumbaly@cohenziffer.com

in

---

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Wednesday, April 10, 2024 10:44 AM
**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Jason,

As previously mentioned, Gibbons P.C. is not on The Hartford's approved list of defense firms. The Hartford agreed to pay a reasonable post-tender amount for defense fees associated with the defense of Bursor & Fisher. The rates proposed by Gibbons P.C. are significantly higher than our average rates for similar litigation in NY. Even if Gibbons P.C. is qualified to represent Bursor & Fisher, The Hartford does not approve of the proposed rates.

It is my understanding that the other carriers have not yet taken positions as they haven't received the complaint to review for coverage so they are unable to answer and be involved in the discussion at this time.

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit



The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

Business Insurance
Employee Benefits
Auto
Home

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Tuesday, April 9, 2024 6:36 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Allison –

As early as March 19, 2024 we informed The Hartford of Mr. Bursor's and the Firm's intention to retain Ms. Amalfe of Gibbons P.C. to represent them in the Underlying Action.

Moreover, as you know the complaint has been filed in the Underlying Action and the Insureds will need to defend immediately, requiring them to retain defense counsel immediately. In addition to responding to the complaint, underlying defense counsel will also need to file objections to the Magistrate Judge's denial of the Insureds' motion to seal the complaint.

Hearing no objection from any carrier to hire Gibbons, per New York law, and the practical posture of this matter given the fact that there are multiple insurers, the Insureds will be exercising their right to retain Ms. Amalfe in the coming days.

As we've previously requested, please let us know if The Hartford has a relationship with Gibbons such that it could be in a better position to negotiate a discount on Ms. Amalfe's and her teams' hourly rates. Otherwise, the Insureds will make their best attempt at seeking a discount.

Thank you,



JASON SUMBALY
Associate
D 212.584.1836 / M 732.771.6672

jsumbaly@cohenziffer.com

in

---

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Tuesday, April 9, 2024 2:22 PM
**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

It is being reviewed internally by our legal team. I will send them a follow up.

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford



THE
HARTFORD

Business Insurance
Employee Benefits
Auto
Home

---

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Tuesday, April 9, 2024 12:01 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Allison –

We are following with respect to the draft protective order we sent early last week. Please let us know the status of your review. We would like to finalize a protective order as soon as possible, as discussed below, in order to provide you with the complaint.

Thanks,



JASON SUMBALY
Associate
D 212.584.1836 /
M 732.771.6672

[jsumbaly@cohenziffer.com](mailto:jsumbaly@cohenziffer.com)

---

**From:** Jason Sumbaly
**Sent:** Wednesday, April 3, 2024 5:52 PM
**To:** Walton, Allison (Core Claims) <[Allison.Walton@thehartford.com](mailto:Allison.Walton@thehartford.com)>
**Cc:** Ken Frenchman <[kfrenchman@cohenziffer.com](mailto:kfrenchman@cohenziffer.com)>
**Subject:** RE: Parker v. Bursor, et al.

Allison –

We are following up on your review of the protective order. As we discussed on our call, we are unable to provide the complaint without a protective order in place, and we would like to get you the complaint as soon as possible. The current posture of the case, with the complaint being filed under seal, presents a small window of opportunity to resolve this matter on behalf of the Insureds. Thus, <u>please send us a signed protective order as soon as possible, but no later than Friday, April 5, 2024.</u>

As you are aware, in response to a $██████ demand the Insureds previously sought settlement authority up to $██████ prior to the complaint being filed - which offer was never made because the complaint was filed, albeit under seal, before the offer could go out. Nonetheless, based on the severe allegations in the complaint against Mr. Bursor, personally and professionally, and against the Firm, the Insureds believe it would be prudent to attempt to settle this matter before significant defense costs are incurred. Keeping in mind that if the case is not settled soon, the Insureds will have to immediately

27

defend by submitting an Answer or responsive motion (i.e., motion to dismiss), in addition to preparing and filing their objections in the appeal of the Magistrate Judge's order on the Insureds' motion to seal the complaint. In that vein, <u>the Insureds are seeking settlement authority, or in the alternative, waiver of the lack of consent as a defense, of up to $█████████ to settle this matter before upcoming deadlines.</u> We understand that there are several carriers involved here and we can, at a later date, discuss each carrier's potential contribution - at this time, the Insureds are only seeking consent to settle up to $███ ████.

We are hyper aware that reviewing the complaint prior to consenting to any settlement is of paramount importance to you. Therefore, we request that you please provide the signed protective order as soon as possible. The short window of opportunity coupled with the sensitive nature of the allegations against the Insureds requires the Insureds to act quickly and efficiently to minimize their potential liability, including by incurring significant defense costs.

Please let us know if you have any questions.

Thanks,



JASON SUMBALY
Associate
D 212.584.1836 / M 732.771.6672
jsumbaly@cohenziffer.com
in

**From:** Jason Sumbaly
**Sent:** Monday, April 1, 2024 5:01 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Allison –

Per our conversation, Mr. Bursor and the Firm (collectively, the "Insureds") intend to retain Gibbons P.C. to defend them in the underlying lawsuit. Specifically, the proposed attorneys and their hourly rates are as follows:

| | |
|---|---|
| Christina Amalfe (Lead Partner) | $1,000 per hour |
| Ricardo Solano (Partner) | $1,000 per hour |
| Bria Beaufort (Associate) | $580 per hour |

Additionally, Gibbons may use, as necessary, other attorneys, law clerks and paralegals as necessary. Generally, attorneys' rates at Gibbons range from $385 per hour to $1,200 per hour, and law clerk and paralegal rates range from $240 per hour to $350 per hour.

As we discussed, once you have had an opportunity to discuss with the other carriers, we are hopeful that (1) the carriers can negotiate with Gibbons to lower their rates for this matter and (2) the carriers can reach a cost share agreement that will reduce the burden on any one carrier.

The other carriers are as follows:

| | |
|---|---|
| Beazley (Certain Underwriters) | Coverage counsel is Steve Kahn with Fields Howell (skahn@fieldshowell.com) |
| Markel (Evanston Ins. Co.) | Coverage counsel is Michael Delhagen at Tressler LLP (mdelhagen@tresslerllp.com) |
| Lexington Ins. Co. | No coverage counsel or claims representative, yet. |

Nothing herein should be construed as a waiver of any of the Insureds' rights under the Hartford Policies or at law, including the Insureds' right to independent counsel. The Insureds are providing this information based on Hartford's representation that Hartford is not opposed to the potential retention of Gibbons to defend the underlying lawsuit and that Hartford will work with the other carriers on said potential retention.

We are also including a draft protective order, which we would like to finalize as soon as possible so that we can provide you with the sealed complaint.

In the meantime, the Insureds expressly reserve their rights under the Policies and at law.

Thank you,



JASON SUMBALY
Associate
D 212.584.1836 / M 732.771.6672

jsumbaly@cohenziffer.com

---

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Monday, March 25, 2024 9:28 AM
**To:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Cc:** Robin Cohen <rcohen@cohenziffer.com>; Jason Sumbaly <jsumbaly@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

As mentioned in my 3/21/24 email, Gibbons Law is not on The Hartford's approved list of defense firms. I will need further information regarding rates charged by Ms. Amalfe and her firm before approval can be considered.

In the meantime, The Hartford recommends the following attorneys that have successfully defended our insureds in similar NY cases:

-Alfredo Alvarado – Lester Schwab Katz & Dwyer LLP

-Robert Devine – White & Williams LLP

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford



THE
HARTFORD

Business Insurance
Employee Benefits
Auto
Home

---

**From:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Sent:** Thursday, March 21, 2024 6:37 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Robin Cohen <rcohen@cohenziffer.com>; Jason Sumbaly <jsumbaly@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Ms. Walton –

Thank you for your prompt response. While we understand the request was made in short order, the window of opportunity before the complaint is filed is narrow.

We understand that Hartford, at this time, is not yet in a position to agree to contribute its limits of liability towards a settlement. However, Hartford's unwillingness to waive the "failure to consent"

31

condition is unreasonable. Hartford's position forces its Insureds to await the filing of a complaint, which, as we have articulated, is against their interests, instead of resolving this matter favorably for the Insureds and Hartford.

While the Insureds contend this is a personal matter, the fact is that the Summons names both the Firm and Mr. Bursor and the Plaintiff's counsel has alleged liability for the Firm, as well as Mr. Bursor in both his personal and Firm capacity. Nonetheless, just in defending the Firm, at the very least through the motion to dismiss stage, Hartford stands to incur significant defense costs that exceed any potential settlement amount.

At this stage, in light of the $███████ demand made by Ms. Parker and the potential allegations against the Insureds elicited by the Summons, the Insureds must act in their best interest with respect to this matter. Further, any settlement, or waiver of Hartford's failure to seek consent to settle defense, will not prejudice Hartford. Therefore, Hartford's failure to provide consent to settle this matter is being "unreasonably withheld." The Insureds reserve their right to go forward with a pre-complaint settlement offer. We will keep Hartford apprised of any developments.

If this matter is resolved, the Insureds fully intend to pursue coverage for the settlement amount from Hartford. In the alternative, if this matter does not settle, the Insureds will advise on their intended retention of Ms. Amalfe, as outlined in our March 19, 2024 letter, and expect Hartford to pay Ms. Amalfe's defense fees incurred in defending this matter.

Thank you,

Ken



KENNETH H. FRENCHMAN
Managing Partner
D 212.584.1820 / M 914.715.3836
kfrenchman@cohenziffer.com
in

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Thursday, March 21, 2024 4:45 PM
**To:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Cc:** Robin Cohen <rcohen@cohenziffer.com>; Jason Sumbaly <jsumbaly@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

Good Afternoon,

Thank you for your email. At this time, The Hartford has not been provided any case evaluations or information to determine Bursor & Fisher's potential liability or to evaluate the appropriateness and reasonableness of any settlement offer. Additionally, when I spoke with Mr. Bursor, as well as his assistant Ms. McCulloh, they both had advised me that Ms. Parker never had anything to do with the firm itself and this was a personal matter between Ms. Parker and Mr. Bursor. I understand Mr. Bursor's need to protect his interests in this matter given the damaging allegations, but at this time, The Hartford is unable to consent to contribution and cannot agree as to the reasonableness of the amount requested until we are able to determine Bursor & Fisher's liability, if any, for the summons. Further, The Hartford reiterates its earlier position that it reserves all rights to deny coverage for any voluntary payments made by the insured and without The Hartford's consent. The Hartford reserves all right's with regard to this matter.

**Allison Walton**
Claims Consultant

Complex Claims Unit



**THE HARTFORD**

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

Business Insurance
Employee Benefits
Auto
Home

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford

**From:** Ken Frenchman <kfrenchman@cohenziffer.com>
**Sent:** Thursday, March 21, 2024 1:35 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Robin Cohen <rcohen@cohenziffer.com>; Jason Sumbaly <jsumbaly@cohenziffer.com>
**Subject:** RE: Parker v. Bursor, et al.

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Ms. Walton –

As you are aware, last week Ms. Parker, through her counsel Wigdor LLP, made a settlement demand for $███████. Additionally, as you are aware, based on the causes of action listed in the Summons, the potential allegations in the forthcoming Complaint, to be filed this Tuesday, March 26, 2024, are likely to include highly sensitive and damaging allegations to the Insureds that they will be forced to vigorously defend against once disclosed. We believe that with the caliber of defense counsel they will be forced to retain, and the extensive factual record that will need to be developed, this defense will cost millions of dollars.

In light of the above, the Insureds believe it is in their (and Hartford's) best interest to make a best and final offer prior to the filing of the complaint. The Insureds are requesting Hartford's consent to make an offer up to $██████ to fully resolve this matter pre-complaint. The Insureds intend to make an offer later today, which will demand a response no later than 5pm tomorrow from Ms. Parker. Therefore, **time is of the essence.**

**Please confirm today, no later than 5pm, that Hartford consents to contribute its policy limits toward an offer of up to $██████, or that Hartford at least will waive any defense for failure to seek consent so that we can work out the coverage obligation if and when the matter is resolved with Ms. Parker.**

Thank you,


Ken




KENNETH H. FRENCHMAN
Managing Partner
D 212.584.1820 /
M 914.715.3836

kfrenchman@cohenziffer.com



---

**From:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Sent:** Thursday, March 21, 2024 11:33 AM
**To:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>; Robin Cohen <rcohen@cohenziffer.com>; scott@bursor.com
**Subject:** RE: Parker v. Bursor, et al.


Thank you for your email.


According to your letter, it is my understanding that you believe The Hartford improperly denied coverage in respect to Mr. Bursor. As outlined in our letter dated 3/5/24, Mr. Bursor only qualifies as an insured with respect to the duties and conduct of his business. The alleged actions detailed in the summons, allegedly committed by Mr. Bursor, are outside the duties and conduct of his business. If you have further information and/or case law that you would like us to consider regarding our position in respect to Mr. Bursor, please send it to my attention as soon as possible.

Additionally, Gibbons Law is not on The Hartford's approved list of defense firms. I will need further information regarding rates charged by Ms. Amalfe and her firm before approval can be considered.

Thanks,

**Allison Walton**
Claims Consultant

Complex Claims Unit



The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford

Business Insurance
Employee Benefits
Auto
Home

**From:** Jason Sumbaly <jsumbaly@cohenziffer.com>
**Sent:** Tuesday, March 19, 2024 4:37 PM
**To:** Walton, Allison (Core Claims) <Allison.Walton@thehartford.com>
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>; Robin Cohen <rcohen@cohenziffer.com>; scott@bursor.com
**Subject:** RE: Parker v. Bursor, et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Ms. Walton –

Please see the attached correspondence from Ken Frenchman on behalf of Scott A. Bursor and Bursor & Fisher, P.A.

36

Thank you,



JASON SUMBALY
Associate
D212.584.1836 /
M 732.771.6672

jsumbaly@cohenziffer.com



---

**From:** Jason Sumbaly
**Sent:** Friday, March 15, 2024 11:17 AM
**To:** Allison.Walton@TheHartford.com
**Cc:** Ken Frenchman <kfrenchman@cohenziffer.com>; Robin Cohen <rcohen@cohenziffer.com>; scott@bursor.com
**Subject:** Parker v. Bursor, et al.

Dear Ms. Walton –

Please see the attached correspondence from Ken Frenchman on behalf of Scott A. Bursor and Bursor & Fisher, P.A.

Thank you,



JASON SUMBALY
Associate
D212.584.1836 /
M 732.771.6672

1325 Avenue of the Americas
New York, NY 10019
jsumbaly@cohenziffer.com

**********************************************************************************************
****

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

**********************************************************************************************
****

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

**********************************************************************************************
****

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

**********************************************************************************************
****

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

38

********************************************************************************
****

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

********************************************************************************
****

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

********************************************************************************
****

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

********************************************************************************
****

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

********************************************************************************
****

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

********************************************************************************
****

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended

recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

**************************************************************************************************
****

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

**************************************************************************************************
****

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

**************************************************************************************************
****

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

**************************************************************************************************
****

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.

**************************************************************************************************
****

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

**************************************************************************************************
****

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.