# EXHIBIT

# 6



---

**Kenneth H. Frenchman**

212-584-1820                     1325 Avenue of the Americas                     212-584-1890 P
kfrenchman@cohenziffer.com       New York, NY 10019                              212-584-1891 F

---

March 19, 2024

**<u>VIA EMAIL</u>**
Allison Walton
The Hartford – Complex Claims Unit
Hartford Plaza, T-14-CO
Hartford, CT 06155
Phone: (860) 547-4838
E-mail: Allison.Walton@TheHartford.com

|       |                  |                                                                                           |
|-------|------------------|-------------------------------------------------------------------------------------------|
| RE:   | **Policyholder:** | Bursor & Fisher, P.A.                                                                      |
|       | **Insureds:**    | Bursor & Fisher, P.A. and Scott A. Bursor (collectively as, the "Insureds")                |
|       | **Policies:**    | 57 SBA BA 7698 (08/04/2019-08/04/2024) (the "Policies")                                    |
|       | **Claim:**       | *Parker v. Bursor, et al.*, Case No. 1:24-cv-00245 (S.D.N.Y.) *formally Parker v. Bursor, et al.*, Case No. 952325/2023 (N.Y. Supr., N.Y. Cnty.) (the "Claim" or the "Underlying Lawsuit") |

Dear Ms. Walton:

As you are aware, we represent the Insureds in connection with their pursuit of insurance coverage for the above-referenced Claim.  We write with respect to Hartford's selection of Alfredo Alvarado ("Mr. Alvarado") of Lester, Schwab, Katz & Dwyer LLP to represent Bursor & Fisher, P.A. (the "Firm").  Please be advised that the Firm cannot accept Hartford's unilateral decision to retain Mr. Alvarado.  Instead, the Insureds[1] intend to retain Christine Amalfe ("Ms. Amalfe") of Gibbons, P.C.

As you will see on the docket, the plaintiff, Ms. Angelica Parker ("Ms. Parker"), has retained renowned plaintiff's law firm, Wigdor, LLP.  Information regarding Wigdor, LLP can be

---

[1] As your March 5, 2024 letter acknowledges, Mr. Bursor constitutes an Insured under the Policies. Though this letter does not fully address Hartford's position regarding coverage for Mr. Bursor under the Policies, Mr. Bursor expressly rejects Hartford's position and reserves all rights under the Policies and at law.

---

Allison Walton
March 19, 2024
Page 2

found here: https://www.wigdorlaw.com/the-firm/.  Specifically, attorneys Michael J. Willemin (https://www.wigdorlaw.com/our-team/michael-j-willemin/) and Jeanne M. Christensen (https://www.wigdorlaw.com/our-team/jeanne-m-christensen/) have made their appearances on the docket.  Additionally, the Insureds anticipate that Douglas Wigdor (https://www.wigdorlaw.com/our-team/douglas-h-wigdor/) will appear on the docket on behalf of Ms. Parker.

Wigdor, LLP, including Mr. Wigdor, Mr. Willemin and Ms. Christensen have a demonstrated history of litigating the exact types of matters that the Summons elicits.  All of the Wigdor attorneys have reputations of being extremely aggressive and have extensive experience representing plaintiffs in similar high-stakes and high-profile matters.  Notably, the Wigdor attorneys emphasize their ability and track record of pre-complaint settlements.  As Hartford is aware, Ms. Parker, emboldened by her aggressive counsel, made a demand for $███████ just last week.

In response to the causes of action listed in the Summons, Ms. Parker's retention of Wigdor, LLP, and the demand made last week, the Insureds intend to retain Ms. Amalfe.  Ms. Amalfe is the Chair of the Employment & Labor Law practice group at Gibbons and has over 30 years of experience defending individuals and corporations.  Ms. Amalfe's firm profile can be found here: https://www.gibbonslaw.com/professionals/christine-a-amalfe.  Ms. Amalfe is an experienced defense attorney who has earned a reputation of successfully defending against exactly the types of causes of action listed in the Summons.

In contrast, Mr. Alvarado appears to be a generalist insurance defense attorney.  His firm biography lists numerous practice areas, including construction defect & labor law, trucking and transportation, food borne illness, among others.

With the very serious causes of action and facing significant potential liability, the Insureds cannot accept Hartford's unilateral appointment of Mr. Alvarado as defense counsel.  Notably, Hartford has only agreed to defend the Firm subject to a reservation of rights (and improperly denied coverage with respect to Mr. Bursor), which has created a conflict of interest between Hartford and its Insureds.  As a result, the Insureds are entitled to select independent counsel whose reasonable fees must be paid by Hartford.  Thus, Hartford's reliance on the consent provision to incur defense costs is unavailing.

The Insureds intend to vigorously defend against the causes of action listed in the summons and any and all allegations that may be made in a complaint.   The causes of action, and the potential allegations in the forthcoming complaint, require the Insureds to retain experienced counsel that has a reputation of vigorously defending against similar causes of action – particularly where those causes of action and potential allegations may have an irreversible impact on the Insureds.  Further, Hartford's agreement to defend the Firm only subject to a reservation of rights and deny outright coverage for Mr. Bursor, creates a conflict between Hartford's interests and the Insureds' interests, such that independent counsel is warranted.  Ms. Amalfe, with three decades of experience defending similar lawsuits, is best suited to defend the Insureds against Ms. Parker and her aggressive counsel, Wigdor, LLP.

Allison Walton
March 19, 2024
Page 3

In light of the above, please confirm that Hartford will pay for any defense costs incurred by the Insureds no later than March 26, 2024.

In the meantime, the Insureds reserves all rights under the Policies and at law.

Sincerely,

Kenneth H. Frenchman

cc:    Scott A. Bursor (scott@bursor.com)
       Robin Cohen (rcohen@cohenziffer.com)