# EXHIBIT

# 8

**From:**       Jason Sumbaly
**Sent:**       Tuesday, September 24, 2024 9:21 PM
**To:**         'Walton, Allison (Core Claims)'; 'Korschun, Charles S.'
**Cc:**         'Amalfe, Christine A.'; 'Sidoti, Mark S.'; 'Weinberger, Daniel S.'; Ken Frenchman; 'Scott A. Bursor';
                'Rebecca Richter'
**Subject:**    RE: Case Evaluation - Parker v. Bursor, et al., 24-cv-00245-JGLC-RFT (SDNY) (Privileged and
                Confidential) (Encrypted Delivery)


Allison,

While we appreciate The Hartford's response, we disagree entirely with its sentiment.

First, Bursor & Fisher notified The Hartford of plaintiff's $█████ demand as early as March 21, 2024 in an email request for settlement authority. Additionally, Bursor & Fisher requested authority to settle on April 1, 2024 during a call, and in a subsequent email, dated April 3, 2024, memorializing the April 1, 2024 conversation and seeking authority for up to $█████. Alternatively, both the March 21, 2024 email and the April 3, 2024 email requested that The Hartford waive the consent to settle provision as a defense should The Hartford be unable to provide authority at that time. The Hartford declined to provide authority or waive the consent provision as a defense in March and entirely ignored the Insureds' subsequent request in April. Thus, The Hartford cannot reasonably take the position that Bursor & Fisher's first request for settlement authority was "less than five days before a mediation."

Further, The Hartford cannot claim that it was unaware of the settlement conference. The publicly available portion of the docket shows the Court's Order, dated May 22, 2024, scheduling a settlement conference for September 25, 2024. Additionally, Bursor & Fisher informed The Hartford of the scheduled settlement conference on July 16, 2024.

Second, The Hartford has had the Complaint for over four months, since May 8, 2024. Though The Hartford accepted coverage for Bursor & Fisher as early as March 5, 2024, it reiterated its acceptance, subject to a reservation of rights, on June 12, 2024. In response, on July 16, 2024, Bursor & Fisher submitted its defense invoices incurred to date to The Hartford. To date, The Hartford has not reimbursed Bursor & Fisher for any of its defense costs, which Bursor & Fisher has paid in full, entirely out of pocket, for more than two months, and which costs, as The Hartford is well aware, have exceeded two million dollars. Instead of reimbursing its Insured, as it agreed to do, The Hartford has left Bursor & Fisher to alone bear the costs of its defense.

Adding insult to injury, The Hartford has taken the incorrect position that Mr. Bursor is not an Insured and has used it to improperly delay reimbursing Bursor & Fisher. The Hartford has also indicated that it intends to ignore well-established NY law that requires The Hartford to reimburse the *entirety* of defense costs incurred because all of the work performed has been for the benefit of Bursor & Fisher, while The Hartford has not met its burden to establish any of the defense costs incurred were for the *sole* benefit for Mr. Bursor. Thus, while The Hartford has agreed and promised to reimburse its Insured, as is its duty under the Policies, The Hartford has yet to fulfill its obligation and promise to defend.

Third, while The Hartford claims that this report is the first case evaluation it has received, The Hartford fails to acknowledge that its first request for any such information or evaluation was on August 5, 2024. Notably, The Hartford cited the Policies' General Conditions that require "[t]he Insured…[c]ooperate with us in the investigation, settlement of the claim or defense against the 'suit'." Thus, The Hartford acknowledges that the Policies place an affirmative duty on The Hartford to "investigate" while the Insured's duty is to "cooperate" with said investigation.

In response to The Hartford's August 5, 2024 request for more information, Bursor & Fisher responded that it would coordinate with defense counsel to directly provide The Hartford with a status report, with the goal of establishing a line

of communication between defense counsel and The Hartford. The Hartford's next request was on September 5, 2024, in which The Hartford said it had "yet to receive anything" while acknowledging the defense counsel was out of the country, and to which Bursor & Fisher responded the same day saying it would again reach out to defense counsel. What The Hartford ignores is that defense counsel had reached out to The Hartford *prior* to September 5, 2024 and did not receive a response until days later, while counsel was on vacation. Upon returning from vacation, defense counsel scheduled a call with The Hartford, provided a status report, answered The Hartford's questions, and agreed to complete a case evaluation form. Thus, that The Hartford chose to investigate at its own pace and missed a call from defense counsel within weeks of its initial request for a status report cannot be imputed on to its Insured, particularly in light of The Hartford's duty to investigate under the Policy.

More troubling is that The Hartford acknowledges that it agreed to defend in June of this year *after* the Court's May 22, 2024 Order was publicly available on the docket, yet chose only to investigate and seek a status report almost two months later, in August.

Finally, The Hartford has not articulated any legitimate basis for its inability to assess coverage in light of its own delays in investigating the Claim. Indeed, this is highlighted by The Hartford's failure to seek or request any additional information, which as Bursor & Fisher and defense counsel have demonstrated, they would be more than happy to provide.

In sum, The Hartford cannot plead ignorance to the date of the settlement conference, cannot allege that Bursor & Fisher has not been cooperative at each step of The Hartford's investigation, and cannot be surprised by a request for settlement authority with all the information it has received to date such that it cannot provide *any* settlement authority ahead of a court-mandated settlement conference. The Hartford's delays in investigating the Claim, its withholding of reimbursements owed to its Insured without basis, and its refusal to provide settlement authority for a court-mandated settlement conference are contrary to its Insured's interests. Thus, Bursor & Fisher reiterates its request for settlement authority of up to $███████ or, in the alternative, that The Hartford waive lack of consent as a defense ahead of tomorrow's settlement conference.

In the meantime, Bursor & Fisher and Mr. Bursor reserve their rights, both contractual and extracontractual, under the Policies, at law and in equity.



JASON SUMBALY
Associate
D 212.584.1836 / M 732.771.6672
jsumbaly@cohenziffer.com

**From:** Walton, Allison (Core Claims)
**Sent:** Tuesday, September 24, 2024 5:15 PM
**To:** Korschun, Charles S.
**Cc:** Amalfe, Christine A. ; Sidoti, Mark S. ; Weinberger, Daniel S. ; Ken Frenchman ; Jason Sumbaly
**Subject:** RE: Case Evaluation - Parker v. Bursor, et al., 24-cv-00245-JGLC-RFT (SDNY) (Privileged and Confidential) (Encrypted Delivery)

This email serves to acknowledge receipt of Gibbons P.C's Confidential Memorandum ("Report") dated September 19, 2024 in connection with the Parker v. Bursor, et al. matter. The Report indicates that there is a settlement conference scheduled for tomorrow, September 25, and that Plaintiff's current demand is $████ in relation to her claims against Scott Bursor and Bursor & Fisher. In their Report, Gibbons seeks $██████ in settlement authority from The Hartford for the MSC.

Initially, requesting $██████████ in authority less than five days before a mediation is unacceptable and provides insufficient time for The Hartford to evaluate the claim against Bursor & Fisher and provide any authority. Moreover, despite The Hartford agreeing to defend the firm in this case in June of this year, the report is the first evaluation of any aspect of the case The Hartford has received from defense counsel. The litigation documents that have been filed in the case were also only provided last week after numerous requests.

Therefore, The Hartford is not in a position to authorize any settlement amount for any liability ascribed to Bursor & Fisher. In the Report, it is noted that Parker alleges that Mr. Bursor committed multiple acts of physical and sexual assault against her at various times during their years-long relationship and that such acts were facilitated and "carried out" by Bursor & Fisher. As the majority of the liability appears to arise out of the acts of Mr. Bursor himself, and as previously outlined in our June 12, 2024 letter, Mr. Bursor does not qualify as an insured under The Hartford's policies with respect to the Parker lawsuit.

With respect to the allegations against Bursor & Fisher, Parker alleges that the firm "facilitated" and "helped Mr. Bursor carry out the unlawful conduct" by knowingly funding "hush money" payments to Parker, using firm money and accounts to fund vacations and travel for Mr. Bursor and Parker, etc. Such conduct, and the assertion that he ordered others to cover it up, is all alleged to have been at the behest of Mr. Bursor to benefit himself - intentional acts outside the scope of the firm's business that would be precluded from coverage. Moreover, the basis for any liability on the part of Bursor & Fisher is grounded only in the allegations in the Complaint; there are no records any of the alleged payments were made or, if any were made, that they were knowingly paid with the firm's knowledge they were in furtherance of Mr. Bursor's alleged violent relationship. As such, and based on the limited information we have regarding the claims being asserted at Bursor & Fisher, The Hartford is not in a position to extend settlement authority as requested on behalf of Bursor & Fisher for the MSC tomorrow. We will, however, be available by phone as needed.

**Allison Walton**
Claims Consultant
Complex Claims Unit



**THE HARTFORD**

The Hartford Financial Services Group, Inc.
One Hartford Plaza | (Tower 15)
Hartford, Connecticut 06155
W: 860-547-4838
F: 877-905-0241

Business Insurance
Employee Benefits
Auto
Home

www.thehartford.com
www.facebook.com/thehartford
www.twitter.com/thehartford

**From:** Korschun, Charles S.
**Sent:** Thursday, September 19, 2024 12:56 PM
**To:** Walton, Allison (Core Claims)
**Cc:** Amalfe, Christine A. ; Sidoti, Mark S. ; Weinberger, Daniel S. ; Ken Frenchman ; Jason Sumbaly
**Subject:** Case Evaluation - Parker v. Bursor, et al., 24-cv-00245-JGLC-RFT (SDNY) (Privileged and Confidential)

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

*Privileged and Confidential*
*Attorney Work Product*

Allison,

Attached please find a case evaluation regarding the *Parker v. Bursor, et al.* matter for insured Bursor & Fisher, P.A.

We are happy to discuss further – please let us know if we can provide any additional information.

Regards,

**CHARLES S. KORSCHUN** | Director
Business & Commercial Litigation Group
**t:** 973-596-4413 | **c:** 201-306-0334 | **f:** 973-639-6368
ckorschun@gibbonslaw.com | bio

**Gibbons P.C.** | One Gateway Center | Newark, NJ 07102-5310
**m:** 973-596-4500 | **f:** 973-596-0545 | office | map

gibbonslaw.com | gibbonslawalert.com

**Disclaimer**
The contents of this message, together with any attachments, may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, printing, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please do not read this message or any attachments and please notify me immediately by reply e-mail or call Gibbons P.C. at 973-596-4500 and delete this message, along with any attachments, from your computer.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This communication, including attachments, is for the exclusive use of addressee and may contain proprietary, confidential and/or privileged information. If you are not the intended recipient, any use, copying, disclosure, dissemination or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by return e-mail, delete this communication and destroy all copies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

Caution EXTERNAL EMAIL: This email came from outside Cohen Ziffer Frenchman & McKenna. Do not open attachments or click on links if you do not recognize the sender.