

James P. Ruggeri
Phone:  (202) 469-7752
jruggeri@ruggerilaw.com

July 30, 2026

**VIA ECF/PACER**

The Honorable Analisa Torres, U.S. District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  **RE:** *Sentinel Ins. Co., Ltd. v. Bursor & Fisher, P.A. and Scott Bursor,* **1:25-cv-10000-AT-VF (S.D.N.Y.)**

To the Honorable Judge Torres:

  Plaintiff Sentinel Insurance Company, Limited ("Hartford") files this responsive letter regarding Defendants' latest sealing motion, ECF No. 65.

  Defendants did not comply with the Court's individual rules, including failing to confer with Hartford about their redactions and sealing request as required by the Court's individual rules, Individual Practices in Civil Cases, § IV(A)(ii) ("The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request."). Defendants' sealing request was not made with Hartford's consent.

  To the extent Defendants, as they state, are seeking to redact the dollar amounts of settlement offers and settlement authority, Hartford does not object. Hartford also does not object to the redaction of financial account information in Defendants' Exhibit 7, and Hartford does not object to the redaction of premium information, both being business sensitive and properly redacted information under Federal Rule of Civil Procedure 5.2, under the relevant precedent, and as already addressed by the Court's prior order. ECF No. 50 at 3.

  However, Hartford does object to Defendants' attempt to file Exhibit 13 under seal. Exhibit 13 is practically identical to a document Hartford filed in the Underlying Action, reflecting an email chain between Hartford and Defendants, which was approved by Magistrate Judge Tarnofsky with only minor redactions. *See generally* Exhibit 3, *Parker v. Bursor, et al.*, 1:24-cv-245-JGLC-RFT (S.D.N.Y. July 1, 2026), ECF No. 458-3; *see* Order at 1, *Parker v. Bursor, et al.*, 1:24-cv-245-JGLC-RFT (S.D.N.Y. July 2, 2026), ECF No. 461.

  Thus, Exhibit 13 cannot be maintained under seal because it reflects an already publicly filed document. "Courts cannot seal documents which have already been made accessible to the public." *Harte v. Pace Univ.*, No. 22-CV-3820 (JAV) (JW), 2026 WL 865684, at *1 (S.D.N.Y. Mar. 30, 2026) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)).

The Honorable Analisa Torres
July 30, 2026
Page 2 of 2

Similarly, Exhibit 12 includes a redaction on page 5 that does not exist on that same page of the same communication Hartford filed in the Underlying Action referencing the amount of sanctions damages Defendants claimed against the underlying plaintiff. *Compare* Exhibit 2 at 2, *Parker v. Bursor, et al.*, 1:24-cv-245-JGLC-RFT (S.D.N.Y. July 1, 2026), ECF No. 458-2. That redaction should be denied for the same reason.

For the above reasons, Defendants' sealing motion should be denied to the extent it seeks to seal publicly available information in Defendants' Exhibits 12 and 13.

Respectfully submitted,

James P. Ruggeri

*Counsel for Plaintiff Sentinel
Insurance Company, Ltd.*